Archibald C. Wemple, J.
In challenging the service of process in this action, the defendant’s counsel raises an interesting legal point. The summons and complaint herein were served on March 26, 1958 upon the defendant’s counsel, Mr. Nicholas Grasso, who at the time was also acting under a duly executed statutory short-form general power of attorney. *276 Was service upon an agent or “ attorney in fact ” duly authorized under section 229 of the General Business Law “ good ” service and binding upon this defendant?
The defendant argues that section 227 of the Civil Practice Act requires the. designation of a person to receive service of process and the filing thereof with the County Clerk. There is no doubt that this is a permissive method of service upon a person designated for that specific purpose, but there is nothing in the section to exclude other modes of service, such as service upon a duly appointed ag*ent.
The law is well settled that a principal may do through an agent anything that he may lawfully do personally. The General Business Law relating to powers of attorney was substantially revised in 1948 and the statutory short form of power of attorney authorized. This was done to eliminate the technicalities inherent in interpretation of words used to grant authority under previous forms of power of attorney. Under the new article 13 of the General Business Law, the authorized forms provide for appointment of attorneys in fact in certain fields of legal responsibility, such as real estate transactions, banking transactions, claims and litigations, as well as several others. As to each of these areas of authorization, the law itself spells out in specific detail the. scope of the authority granted. And so, under section 229, covering construction — claims and litigation —the statute spells out broad powers of an agent to commence an action, prosecute, defend or compromise it and “ generally to bind the principal in the conduct of any litigation”. Then, under subdivision 6 of section 229, the agent is authorized ‘ ‘ to accept service of process, to appear for the principal * * * to verify pleadings, to appeal * * * to receive and to execute and to file or deliver ’ ’ legal documents ‘ ‘ which the agent shall think desirable or necessary in connection with the prosecution, settlement or defense of any claim ”.
Subdivision 10 of section 229, still construing “ claims and litigation ” authorizes the agent “ to do any other act or acts, which the principal can do through an agent, in connection with any claim by or against the principal or with litigation to which the principal is or may become or be designated a party.”
The language in the quoted sections of the General Business Law is clear and unmistakable in authorizing an agent, under a properly executed statutory power of attorney, to receive on behalf of a principal a service of process. In short, the General Business Law merely puts into practice the rule of law that anything a person can do lawfully, he may do through an agent. The attorney in fact so appointed is the alter ego of the principal *277 and, when he acts within his authority, his acts are the acts of the principal.
While the defendant may have chosen to designate a person to receive service of process under section 227 of the Civil Practice Act, this method of making service is permissive, not mandatory or exclusive. Certainly the language of section 229 of the General Business -Law is explicit in authorizing service upon an agent or attorney in fact and, in connection with litigation, this is effective service upon the principal.
The motion to vacate and set aside service is hereby denied.
Submit order.