Francis J. Donovan, J.
This is an action to recover money due on a lease of a coffee-making machine used, by employees of the Empire Mutual Insurance Company.
The complaint has already been dismissed on jurisdictional grounds as against defendant Charlotte Libero. The case proceeded to trial against the remaining defendant, Empire Employees Sunshine Club, an unincorporated association, by “ John Doe, its president ”.
As an affirmative defense the defendant alleged, in paragraph 17th of the answer, “ That this action does not properly lie against the defendant, empire employees sunshine club in accordance with Section 13 of the General Associations Law of the State of New York.”
Section 13 of the General Associations Law provides that an action may be maintained against the president of an unincorporated association. Neither in the pleadings nor upon the trial was there any proof as to who is, or who was the president *329 of the Empire Employees Sunshine Club at the time of1 the commencement of this action. The affidavit of service shows that the process was served by certified mail addressed to “ Empire Employees Sunshine Club, President, John Doe.” There was no proof submitted to this court that there is, in fact, any president now, or that there was any president by any name at the time of the commencement of the action.
The statute provides that service shall be made on the president in the same manner provided by law for the service of summons on a natural person. The action is not permitted to be brought against the association in its proper name. This service was not in accordance with CPLE 308.
The plaintiff relies upon clause 22 of the lease agreement between the parties, which in substance provides that the laws of the State of New York shall apply and that any actions brought on the lease shall be litigated in New York and that “ Lessee waives personal service of any and all process upon lessee and consents that service of process may be made by certified or registered mail,” directed “ to the lessee at its address herein-above stated.” This is neither a designation of an agent for service, nor is it a waiver by the person who is entitled to service.
It is signed by Charlotte Libero. There is nothing to indicate that she had any authority to act for any president of the Empire Employees Sunshine Club either present, past or future. The name of the lessee on the agreement reads, ‘ ‘ Empire Employees Sunshine Club — Empire Mutual Insurance Company.”
In a prior action it was determined that this lease was not binding upon the Empire Mutual Insurance Company. The misnaming of the lessee in the agreement and the lack of proof of any authority of 'Charlotte Libero are sufficient to make this contract unenforceable with respect to clause 22 providing for service.
We are aware that parties to a contract may designate agents or attorneys to accept service in their behalf1 and they may waive their right to insist upon statutory service. They may, indeed, provide that service of process may be by certified or registered mail. (Gilbert v. Burnstine, 255 N. Y. 348.)
We are also aware that CPLE 318, relating to the designation of an agent for service, is not mandatory or exclusive and does not exclude other modes of service. (Torre v. Grasso, 11 Misc 2d 275.)
The fatal defect in the plaintiff’s contention is that this action, if it is to be maintained, must be against the president of the association. He is sued in a representative capacity, just as any *330 trustee or other fiduciary. (Matter of Motor Haulage Co. [Int. Brotherhood of Teamsters], 298 N. Y. 208.) Nobody, other than the president himself, may contract away his right to insist upon statutory service. Neither a prior president nor any other officer, nor the unincorporated association itself, may waive his right to insist on compliance with CPLR 308. The service is personal and the waiver must be by the person entitled to service.
In view of the fact this is the second litigation on the same substantive matter, we will go beyond to indicate -that any action against the president in his representative capacity — assuming effective service — would necessarily fail for two reasons: First, the contract is, at best, ambiguous, since it included both the Empire Employees Sunshine Club and the Empire Mutual Insurance Company as lessees. Second, the action against the president fails, since the plaintiff did not establish that the members of the association ratified or confirmed the contract. While the action may be against a president, nevertheless the substantive rights of the members are not changed. A part of the members of a voluntary association cannot bind the others without their consent. There is no proof that any of the members of the Sunshine Club, other than Libero, consented to this contract (Martin v. Curran, 303 N. Y. 276).