OPINION OF THE COURT
Richard F. Kuhnen, J.
Defendant appears specially and moves to dismiss the complaint on the ground that the court has no jurisdiction of the person of defendant as he was never served with a copy of the summons.
The action arises out of contracts between the parties by which defendant Manilow undertook to perform in concert at Providence, Rhode Island Civic Center on designated dates. Service of the summons and complaint was made by personal service upon Miles J. Lourie who is admittedly defendant’s "manager”.
The affidavits in opposition to the motion maintain that Lourie "was duly authorized by defendant Manilow to accept service of process on behalf of defendant”, which is denied. *870 The only argument in support of that contention is that Lourie was defendant’s manager, which is conceded, and was his "agent in connection with the transactions which were the subject matter of the instant lawsuit”. Counsel points out also that within five days after service of the summons plaintiffs attorneys "received a telephone call from Sandor Frankel, Esq., attorney for defendant, concerning the subject matter of the instant action” and that this fact "serves to validate and ratify the agency between Miles Lourie and defendant Mani-low with regard to service of process herein”.
The provisions for service upon a natural person are governed by CPLR 308, and required personal service unless service is effected by the other methods described in subdivisions 2 through 5, which is not asserted here. Nor does plaintiff assert that Lourie was an agent designated to receive process, as provided by CPLR 318. Nor is it asserted that the contracts upon which the action is based provided for service upon Lourie, or that any power of attorney so provided. (General Obligations Law, § 5-1502H, subd 6; Fairfield Lease Corp. v Empire Employees Sunshine Club, 74 Misc 2d 328; National Rental v Szukhent, 375 US 311.)
The decisions cited by plaintiffs counsel all have to do with service upon a "managing or general agent” of a corporate defendant rather than a natural person. (National Rental v Szukhent, supra; Fashion Page v Zurich Ins. Co., 69 AD2d 787; Matter of Board of Educ. [Half Hollow Hills Teachers Assn.], 79 Misc 2d 223.)
Other than the fact that a corporation can act only through an agency, there would seem to be no valid reason why a "managing or general agent” of a corporation should be designated by law for service of process whereas such a managing or general agent of a natural person should not be so designated. A natural person may conduct the same type and extent of business as a corporation and require the same type of managing or general agent, but choose not to incorporate. Persons in the performing arts usually do business through a managing agent, as the defendant here does, and should logically be as amenable to process as the managing agent of a corporation. That however is a matter for legislative, not judicial consideration.
The motion to dismiss the complaint is therefore granted, without costs.