■ NORMA ESPY, Respondent, v STEPHEN W. GIORLANDO, Appellant, et al., Defendant. — In a medical malpractice action, defendant Dr. Stephen W. Giorlando appeals from an order of the Supreme Court, Kings County (Held, J.), dated December 23, 1980, which, after a hearing on plaintiff's motion pursuant to CPLR 3211 (subd [b]) to dismiss the second and third affirmative defenses included in the answer of said defendant, struck the second affirmative defense, that the court lacks personal jurisdiction over Giorlando. Order reversed, on the law, without costs or disbursements, the second affirmative defense included in the answer of defendant Giorlando is reinstated, and the complaint is dismissed as against the said defendant upon the ground that personal service of the summons was not made upon him. The issue presented is whether personal service of the summons and complaint upon the defendant doctor was completed pursuant to any subdivision of CPLR 308, by delivery of same to "Mrs. 'Jean' Smith nurse authorized to accept on his behalf." We conclude that the plaintiff did not obtain personal jurisdiction over the defendant-appellant. At the conclusion of the traverse hearing, Special Term made the following findings of fact and conclusions of law: "It is undisputed that the service was made upon a nurse who held herself out to be the authorized agent of the physician defendant herein. That is not disputed here, and, so, therefore, the Court will accept it as a fact, it having been testified to by the process server. The Court finds that service was made in conformance with C.P.L.R. 308, Subdivision 3". CPLR 308 (subd 3) requires "[delivery of] the summons within the state to the agent for service of the person to be served as designated under rule 318". CPLR 318 requires the formality of a written designation by the principal of the agent, with the consent of the agent indorsed thereon, to be filed in the office of the clerk of the county in which the principal resides or has his principal office. No designation was made by the defendant doctor and, accordingly, Special Term erred in holding that service was made in conformance with CPLR 308 (subd 3). Since there was no subsequent mailing of a copy of the summons to the appellant's last known residence, service was not made in conformance with CPLR 308 (subd 2). Plaintiff further contends that service upon the appellant was proper under CPLR 308 (subd 1), which provides for personal service upon a natural person "by delivering the summons within the state to the person to be served". While delivery to a person who is in the proximity and view of the person to be served, together with

attendant exigent circumstances, may satisfy the statutory requirements of CPLR 308 (subd 1) with respect to service, such delivery made outside the presence of the person to be served does not conform with the requirements of CPLR 308 (subd 1) with respect to personal service (see *McDonald v Ames Supply Co.*, 22 NY2d 111, 115; cf. *Conforti v Beekman Downtown Hosp.*, 79 AD2d 968). Delivery of the summons herein was not made in the presence of the defendant doctor and, accordingly, was not made in conformance with CPLR 308 (subd 1). While it has been determined that service of process on a corporation, pursuant to CPLR 311 (subd 1), by serving a managing agent of such corporation, is proper, since CPLR 311 (subd 1) allows delivery of a summons to a "managing or general agent * * * or to any other agent authorized by appointment or by law to receive service" (*Fashion Page v Zurich Ins. Co.*, 50 NY2d 265), there is no such comparable provision in CPLR 308 which would allow such service to be deemed personal service upon a natural person. O'Connor, J. P., Margett, Weinstein and Bracken, JJ., concur.