■ ARTHUR KALISH et al., Appellants, v WALTER H. RUBINS, Respondent, et al., Defendants. — In a medical malpractice action, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Balletta, J.), dated May 4, 1981, which, after a hearing, denied their motion to strike the defense of lack of personal jurisdiction from the answer of defendant Rubins and granted that defendant's cross motion, *inter alia,* for a protective order and (2) a further order of the same court (Morrison, J.), dated December 3, 1981, which denied their motion for leave to amend the summons and complaint to substitute a professional service corporation in the place and stead of Dr. Rubins. Order dated May 4, 1981 affirmed (*Espy v Giorlando,* 85 AD2d 652, affd 56 NY2d

640). Order dated December 3, 1981 affirmed, without prejudice to a motion for leave to serve a supplemental summons naming the professional service corporation as a new party defendant pursuant to CPLR 1003 and 305 (subd [a])(see *Connell v Hayden,* 83 AD2d 30, 36-37). Defendant Rubins is awarded one bill of costs to cover both appeals. Whether the professional service corporation should be estopped from asserting the defense of the Statute of Limitations in the event that it is added as a new party defendant is dependent upon whether its stockholder Dr. Lavine intentionally deceived plaintiffs' process server into thinking he was Dr. Rubins when the process server came to their office to serve Dr. Rubins. If plaintiffs can show that intentional deception by Dr. Lavine, a stockholder of the corporation, prevented good service on Dr. Rubins and if they can show that had Rubins been properly served they would have been entitled to add the professional corporation under the three-pronged test enunciated in *Brock v Bua* (83 AD2d 61), then an estoppel would be proper (see 2 Carmody-Wait 2d, NY Prac, § 13.20). It cannot be determined on this record whether Dr. Lavine intentionally misrepresented himself as Dr. Rubins to plaintiffs' process server. Damiani, J. P., Titone, Mangano and Brown, JJ., concur.