◼ In the Matter of the Estate of SAMUEL GOTTESMAN, Deceased. ESTELLE GOTTESMAN, as Executrix of SAMUEL GOTTESMAN, Deceased, Appellant; MARK LAZANSKY et al., Respondents, et al., Defendants.—In a medical malpractice action, the plaintiff appeals from an order of the Supreme Court, Kings County (Williams, J.), dated August 28, 1985, which denied her motion, in effect, for summary judgment dismissing from the respondents' answer the affirmative defense of lack of personal jurisdiction.

Ordered that the order is modified, by deleting the provision thereof denying that branch of the plaintiff's motion which was to strike the affirmative defense of lack of personal jurisdiction with respect to the defendant Lazansky and Jaffe, P. C., and, upon searching the record, adding a provision thereto dismissing the complaint insofar as it is asserted against the defendant Mark Lazansky. As so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing as to whether the defendant Lazansky and Jaffe, P. C., was properly served.

The plaintiff attempted service upon the defendants Dr. Mark Lazansky, and Lazansky and Jaffe, P. C., by delivering a copy of the summons and complaint to the security guard of the building which housed their offices. An additional copy of the summons was mailed to Dr. Lazansky's office after the plaintiff's attorneys were unable to ascertain the location of his residence. Apparently, the respondents did actually receive a copy of the summons and complaint.

The respondents' answer contained an affirmative defense alleging lack of personal jurisdiction. The plaintiff moved to strike that affirmative defense. The motion was denied.

The defendant Dr. Lazansky was not properly served pursuant to CPLR 308 (2) which requires delivery of the summons

within the State to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served, and mailing of the summons to the person to be served at his last known residence. The mailing requirement of CPLR 308 (2) is to be strictly construed and requires the mailing of process to a defendant's last known residence rather than his actual place of business *(see, Booth v Lipton, 87 AD2d 856)*.

Nor can it be said that service was properly made upon Dr. Lazansky pursuant to CPLR 308 (3) which provides for personal service upon a natural person by delivering the summons within the State to the agent for service of the person to be served as designated under CPLR 318. CPLR 318 provides that a person may be designated by a natural person as an agent for service in a writing with the consent of the agent endorsed thereon. The writing shall be filed in the office of the clerk of the county in which the principal to be served resides or has its principal office.

Dr. Lazansky denies that he ever designated the building security guard as his agent for service. Moreover, no evidence was ever submitted of any writing authorizing the security guard to accept service for Dr. Lazansky *(see, Espy v Giorlando, 85 AD2d 652, affd 56 NY2d 640)*.

Since the defendant Dr. Lazansky was not properly served, the defense of lack of personal jurisdiction was established, and the complaint, insofar as it is asserted against him, is dismissed.

With regard to service upon the defendant professional corporation, CPLR 311 (1) provides that service upon a corporation shall be made by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service".

In *Fashion Page v Zurich Ins. Co.* (50 NY2d 265, 272), the Court of Appeals held that "a corporation may assign the task of accepting process and may establish procedures for insuring that the papers are directed to those ultimately responsible for defending its interests * * * Reliance may be based on the corporate employees to identify the proper person to accept service. In such circumstances, if service is made in a manner which, objectively viewed, is calculated to give the corporation fair notice, the service should be sustained".

In the case at bar, the affidavits of the plaintiff's attorney and process server indicate that the security guard who re-

ceived the summons and complaint stated that he was authorized to accept these papers for the respondents. Moreover, the plaintiff also submitted a copy of the summons which was signed by the security guard beneath the statement "I hereby state that I am authorized to accept the enclosed legal process for the professional corporation of Lanzansy *[sic]* & Jaffe, P. C., and Dr. Mark Lanzansky *[sic]*".

In his affidavit, the defendant Dr. Lazansky denied that the security guard was his employee, or the employee of the professional corporation. He also stated that the security guard was not authorized to accept service of process on his behalf, or on behalf of the corporation.

The security guard, in his affidavit, stated that he did not know what he was signing when the process server handed him the summons. He also stated that he was not authorized to accept legal documents for anybody, including the respondents.

The foregoing contradictory affidavits raise an issue of fact, to wit, the nature of the authority which the security guard had with respect to accepting service of process for the respondent corporation. Accordingly, a hearing should be held to determine if the respondent corporation was properly served *(see, Noble v Singapore Resort Motel,* 21 NY2d 1006). Niehoff, J. P., Rubin, Lawrence and Sullivan, JJ., concur.