■ In the Matter of WILLIAM DEGROAT, Respondent, v JAMES F. KRALIK, Appellant. [638 NYS2d 716] —In a proceeding pursuant to CPLR article 78 to review a determination of James F. Kralik, dated January 7, 1994, which found the petitioner guilty of insubordination and imposed a penalty of a deduction of one day from his vacation leave bank in lieu of a one day suspension without pay, the appeal is from an order of the Supreme Court, Rockland County (Miller, J.), dated January 5, 1995, which, *inter alia,* granted the petitioner's motion to restore the matter to the court's motion calendar, and after a hearing, found that personal jurisdiction had been obtained over James F. Kralik.

Ordered that on the Court's own motion the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the petitioner's motion is denied, and the proceeding is dismissed.

The petitioner purportedly commenced this proceeding against James F. Kralik, the Sheriff of Rockland County, a natural person, by merely serving the notice of petition and petition upon a deputy sheriff. No subsequent mailing of the papers took place. Since James F. Kralik never designated the deputy sheriff as an agent to accept service in accordance with CPLR 318, service was ineffective pursuant to CPLR 308 (3) *(see, Matter of Shea v Kralik,* 220 AD2d 750; *Matter of Gottesman,* 127 AD2d 563; *Espy v Giorlando,* 85 AD2d 652). We discern no other valid method of service *(cf.,* CPLR 308 [2]; 311). Mangano, P. J., Thompson, Friedmann and Florio, JJ., concur.