■ SAMUEL SIMMONS et al., Appellants, v BORO MEDICAL, P. C., et al., Respondents, et al., Defendant. [705 NYS2d 620] —In an action, *inter alia*, to recover damages for wrongful death, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Patterson, J.), dated January 22, 1998, which granted those branches of the motions of the defendants Boro Medical, P. C., and Luz McErlean, P. C., which were for summary judgment dismissing the complaint in its entirety insofar as asserted against Luz McErlean, P. C., and so much of the complaint as sought to recover damages based on the treatment of the plaintiffs' decedent before August 8, 1998, insofar as assserted against Boro Medical, P. C., and severed those causes of action, and (2) a judgment of the same court, entered June 3, 1998, upon the order, dismissing the complaint insofar as asserted against Luz McErlean, P. C., and dismissing so much of the complaint as sought to recover damages based on the treatment of the plaintiffs' deceased before August 8, 1998, insofar as asserted against Boro Medical, P. C.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho*, 39

NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

On two occasions in July 1988 the plaintiffs' decedent, Annette Simmons, was treated for complaints of diarrhea and vomiting by the defendant Luz McErlean (hereinafter McErlean), an employee of the defendant Boro Medical, P. C. (hereinafter Boro Medical), who conducts her practice in corporate form as Luz McErlean, P. C. Although Simmons again went to Boro Medical for a gynecological examination by another physician on August 29, 1988, she never returned concerning the earlier complaints. Subsequently, a diagnosis of myeloma was made, and Simmons died in September 1989.

On November 15, 1990, the plaintiffs attempted to serve Boro Medical and McErlean at the Boro Medical office in Jamaica, New York, by leaving a copy of the summons and complaint with an individual whom the process server believed was a managing agent for Boro Medical who was authorized to accept service. A second attempt at service was made on February 8, 1991, on Boro Medical, and on or about April 3, 1991, on McErlean. Boro Medical does not contest the validity of the second attempt at service upon it.

In 1997 Boro Medical and McErlean moved, *inter alia,* to dismiss the complaint in its entirety insofar as asserted against McErlean on the ground of improper service, and so much of the complaint as sought to recover damages against Boro Medical based upon treatment of the plaintiffs' decedent in July 1988. Boro Medical claimed that the Statute of Limitations of two years and six months had run on those claims at the time service was properly effected and jurisdiction obtained over it on February 8, 1991 (*see,* CPLR 214-a). It also claimed that the continuous treatment doctrine did not apply to the gynecological visit on August 29, 1988. After a hearing, the Judicial Hearing Officer recommended that jurisdiction had been obtained over Boro Medical and McErlean. The Supreme Court rejected the report, and granted those branches of the motion which were for summary judgment dismissing the complaint in its entirety insofar as asserted against McErlean, and so much of the complaint as sought to recover damages against Boro Medical based on its treatment of the plaintiffs' deceased before August 8, 1988, applying the two year and six month Statute of Limitations to the action commenced on February 8, 1991. We affirm.

The complaint insofar as asserted against McErlean was properly dismissed for lack of personal jurisdiction. The hear-

ing testimony established that McErlean was no longer employed at Boro Medical on November 15, 1990, and that the second attempt at service upon her at her residence occurred beyond the applicable Statute of Limitations (*see,* CPLR 214-a, 308 [2]; *Balendran v North Shore Med. Group,* 251 AD2d 522; *Maloney v Braeside Apts. Co.,* 193 AD2d 1112, 1113).

Concerning the purported service on Boro Medical in November 1990, the testimony at the hearing established that the individual with whom the process server left the summons and complaint never identified herself to him as the managing agent, and he made no inquiry as to her connection to Boro Medical. There was additional testimony that no individual with the name given by the process server as identifying the person with whom he left the papers ever worked at Boro Medical or was authorized to accept service on Boro Medical's behalf. Therefore, the plaintiffs failed to establish by a preponderance of the evidence that their process server acted reasonably or with due diligence (*see,* CPLR 311 [a] [1]; *Bank of Am. Natl. Trust & Sav. Assn. v Herrick,* 233 AD2d 351, 352; *Dewey v Hillcrest Gen. Hosp.,* 201 AD2d 609, 610). Accordingly, the Supreme Court properly found that the first service upon Boro Medical in November 1990 was invalid.

Further, we agree with the Supreme Court's finding that under the circumstances of this case, the continuous treatment doctrine is inapplicable (*see,* CPLR 214-a; *Young v New York City Health & Hosps. Corps.,* 91 NY2d 291, 295-297; *Sposato v Di Giacinto,* 247 AD2d 267; *Michaels-Dailey v Shamoian,* 245 AD2d 430). O'Brien, J. P., Santucci, Thompson and Altman, JJ., concur.