■ In the Matter of FREDERICK FAGELSON, Appellant, v PETER J. McGOWAN et al., Respondents. [755 NYS2d 394] —In a proceeding pursuant to CPLR article 78 to review a determination of the Supervisor of the Town of Islip, dated August 10, 2001, which, after a hearing, found a petition seeking incorporation of a certain area proposed to be named the "Village of Bay Shore" legally insufficient, the petitioner appeals, as limited by his notice of appeal and brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Pitts, J.), entered January 25, 2002, as, inter alia, granted the cross motion of the respondents John P. Finnerty, Jr., and Ann M. Savino to dismiss the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs.

The petitioner, Frederick Fagelson, supported a petition for a referendum vote on the proposed incorporation of the Village of Bay Shore. Following a public hearing, the respondent Peter J. McGowan, the Supervisor of the Town of Islip, determined that the petition was legally insufficient. Fagelson commenced this proceeding to review that determination.

Pursuant to Village Law § 2-210 (4) (b), Fagelson was required to serve copies of the papers submitted in connection with the instant proceeding on any individual objector who submitted objections in writing to the petition for incorporation and on any persons who were designated in writing to receive service on behalf of a group of objectors to the petition for incorporation (see Village Law § 2-204). Village Law § 2-210 (4) (d) provides that all such persons required to be served shall be parties to the proceeding.

The Supreme Court properly dismissed the proceeding on the ground that necessary parties were improperly served (see CPLR 1001 [a]; 1003, 3211 [a] [10]; cf. Matter of Butler v Hayduk, 37 NY2d 497). The objectors John P. Finnerty, Jr., and Ann M. Savino were not personally served with the papers in this proceeding; rather, Fagelson served the attorney who presented their objections at the public hearing on the legal sufficiency of the petition for incorporation. The evidence did not establish that Finnerty and Savino designated their attorney as their agent for the purpose of service of process in this proceeding (see Broman v Stern, 172 AD2d 475). Accordingly, the Supreme Court properly determined that personal jurisdiction over Finnerty and Savino was not obtained.

Since the statute of limitations has expired, Finnerty and Savino may not now be joined as parties (see Village Law § 2-208 [2]; § 2-210 [2]; Matter of Marin v Board of Elections of

*State of N.Y.,* 67 NY2d 634; *Matter of Artrip v Incorporated Vil. of Piermont,* 267 AD2d 457). Their nonjoinder may not be excused as they are not necessarily adequately represented by the parties who were properly joined (*see* CPLR 1001 [b]; *Matter of Butler v Hayduk, supra* at 499; *Matter of Karmel v White Plains Common Council,* 284 AD2d 464, 465).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Santucci, J.P., O'Brien, Goldstein and Cozier, JJ., concur.