*46 OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
Contrary to defendant’s contention, the plaintiff made a reasonable effort to serve the defendant who now resides in Albania. The inquiries made by the plaintiff to attempt to serve the defendant personally were sufficient to satisfy the prior order of the court. The defendant’s son, who is also designated as defendant’s attorney-in-fact, conceded that there are no street names or addresses in the town where the defendant resides. This would make personal service upon the defendant pursuant to CPLR 308 (1), (2) and (4) impracticable. The court’s direction that there be service upon the son, who is also the defendant’s attorney-in-fact, and upon the defendant’s attorney, as well as a mailing to defendant satisfies the due process requirement that the method be reasonably calculated to apprise the defendant of the action (Harkness v Doe, 261 AD2d 846 [1999]).
It should be noted that there is authority for serving the attorney-in-fact directly without service upon the principal. CPLR 302 provides that a court may obtain personal jurisdiction over any nondomiciliary or his agent where he transacts business within the state or owns, uses or possess any real property situated within the state. The property involved in this matter is owned by the defendant and it is alleged that he derived rental income therefrom. The statutory form of general power of attorney indicates that the defendant’s son is authorized to act as his agent in “real estate transactions.”
Moreover, a review of the statutory form of general power of attorney shows that the box for “claims and litigation” is also initialed by the defendant. Contrary to the son’s sworn statement, he is authorized to accept service (see General Obligations Law § 5-1501). Pursuant to General Obligations Law § 5-1502H, the definition of “claims and litigation” provides, inter alia, that an attorney-in-fact may “accept service of process” for the principal (e.g. Torre v Grasso, 11 Misc 2d 275 [1958]; cf. Espy v Gloriando, 85 AD2d 652, 653 [1981]). In view of the foregoing, the defendant’s additional contention that the plaintiff did not comply with the provisions contained in CPLR 313 is without merit since personal jurisdiction of the court may be exercised over the nondomiciliary by service upon his attorney-in-fact (CPLR 302).
*47 We have reviewed the defendant’s remaining contention and find it to be without merit.
Pesce, P.J., Ajronin and Golia, JJ., concur.