Greta **JACKSON, Individually and as Administratrix of the Estate of Christopher Jackson, Plaintiffs,**

v.

**COUNTY OF NASSAU, Nassau County Medical Center, the Nassau County Department of Corrections a/k/a the Nassau County Sheriff's Department, Alice Lee, M.D., John K. Taylor, M.D., Rafiq Sabir, M.D., John Does M.D. 1–10, Corrections Officers John Does, 1–10, in their individual capacities, Defendants.**

No. CV 99–3588.

United States District Court, E.D. New York.

Oct. 6, 2004.

Law Offices of Frederick K. Brewington by Frederick K. Brewington, Esq., Hempstead, NY, for Plaintiffs.

Nassau County Attorney by Esther Miller, Esq., Mineola, NY, for Defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is a case alleging medical malpractice in violation of state law and deliberate indifference to the medical needs of the Plaintiff's decedent, Christopher Jackson ("Jackson"), in violation of 42 U.S.C. § 1983. Jackson, who suffered from sickle cell anemia, died while in custody at the Nassau County Correctional Center ("NCCC"). This case was tried before a jury that rendered a verdict in Plaintiff's favor.

During trial, the court raised this issue of whether or not Plaintiff had properly obtained personal jurisdiction over one of the Defendants, Dr. Rafiq Sabir ("Dr. Sabir"). Despite this concern, the court allowed trial to continue and reserved the briefing of the personal jurisdiction issue for post-trial consideration. That issue is now before the court.

For the reasons that follow, the court holds that personal jurisdiction was never obtained over Dr. Sabir. He had neither constructive nor actual notice of the action or the trial. He was never deposed and there is no evidence that anyone involved in this matter ever contacted him. Despite the County's obligation to defend and indemnify employees and, indeed, its stated intention on the record to cover the cost of any judgment rendered against Dr. Sabir, the court cannot hold that personal jurisdiction over this Defendant was either obtained or waived. Neither fairness nor public policy dictates a different result. Accordingly, Plaintiff's motion for a default against Dr. Sabir is denied and Defendant's motion to dismiss the action as against this defendant is granted.

## BACKGROUND

### I. *The Complaint and the Parties*

As noted above, Jackson died while in custody at the NCCC. State and federal claims alleged in this matter by Greta Jackson, the administratrix of Plaintiff's estate, allege medical malpractice and deliberate indifference to Jackson's serious medical needs. The latter claim brings this action within the realm of a federal civil rights violation pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint, filed on or about June 24, 1999, named both institutional and individual defendants. Plaintiff alleged liability on the part of the County of Nassau, the Nassau County Medical Center (where Jackson was treated while in custody at the NCCC), and the Nassau County Departments of the Sheriff and Corrections. The individual defendants named were Drs. Alice Lee, John Taylor and Rafiq Sabir.[1]

### II. *The Answer and the Raising of the Issue of Personal Jurisdiction Over Dr. Sabir*

The Nassau County Attorney's office filed an answer to Plaintiff's complaint on or about August 2, 1999. The answer states that it was filed on behalf of the County of Nassau, the two county departments named and individual defendant doctors Lee and Taylor. These defendants are referred to in the answer collectively, as the "County Defendants." Despite the fact that the introductory paragraph of the answer does not include a statement of appearance on behalf of Dr. Sabir, there is mention of Dr. Sabir in the County's affirmative defenses. Specifically, the tenth affirmative defense states that "defendant Rafiq Sabir has not been personally served with the summons and complaint in this action and therefore the Court does not have jurisdiction over the person of said defendant."

The issue of personal jurisdiction over Dr. Sabir laid dormant until the middle of trial, which took place nearly three years later. At that time, due to the Plaintiff's voluntary dismissal of Drs. Lee and Taylor on the first day of trial, Dr. Sabir was the sole remaining individual defendant. Even

---

1. The complaint also named several "John Doe" defendants who were never properly identified.

at that late date, however, the personal jurisdiction issue would not have been raised had it not been for the court's observation that Dr. Sabir, who testified neither in person nor by deposition, was nowhere to be found. Upon making this observation the court placed its concerns on the record (outside of the presence of the jury).

The court noted Plaintiff's dismissal of Drs. Lee and Taylor and the fact that the only remaining individual defendant was Dr. Sabir. When questioned about service, Plaintiff's counsel stated that personal service was accomplished on Dr. Sabir by serving an attorney at the Nassau County Medical Center, who accepted service of process as a matter of course for all medical center employees. The attorney trying the case on behalf of the County Defendants noted that a proper objection to personal jurisdiction had been raised in the County's answer, as set forth above.

The County stated that although Dr. Sabir was no longer in the County's employ at that time of service, he was an employee when Jackson was in custody. Relying on the County's obligation to defend and indemnify resident physicians, counsel expressed an interest to go forward with the case against Dr. Sabir and assured Plaintiff's counsel and the court that the County would be responsible for the payment of any judgment rendered against Dr. Sabir.

Upon reflection of the matter, the court determined that it could not endorse the County's position and allow the case to proceed against Dr. Sabir pursuant to the agreement of the parties. It was noted that even if the County indemnified Dr. Sabir for any judgment ultimately rendered, that judgment would nonetheless be one of personal liability for medical malpractice or, worse, a judgment that Dr. Sabir had acted with reckless disregard for the serious medical needs of his patient. Even without financial responsibility for payment, such a judgment could have serious adverse ramifications for Dr. Sabir's professional reputation. In sum, the court was unwilling to go along with any agreement that could saddle this doctor with a judgment when he had neither knowledge of the proceedings nor the opportunity to offer a defense.

The court further stated that if there was proof that Dr. Sabir had, in fact, been properly served with notice of the proceedings, Plaintiff should submit that proof in support of a motion for a default judgment. To that end, the court instructed the parties to brief the issue of whether or not Dr. Sabir was ever properly served. The parties thereafter submitted the presently pending cross motions for a judgment of default or dismissal as to Dr. Sabir.

## DISCUSSION

### I. Legal Principles

Rule 4 of the Federal Rules of Civil Procedure sets forth the requirements for proper service of process on an individual. See generally Fed.R.Civ.P. 4. Service may be made by personal delivery, by leaving copies of the summons and complaint at the defendant's "dwelling place or usual place of abode" with a person of "suitable age and discretion" or by delivering the process to an "agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(e). The Federal Rules also authorize service of process pursuant to the law of the state in which the court is located, or service is effected. In this matter, therefore, service could be effected pursuant to Section 308 of New York's Civil Procedure Law and Rules ("CPLR"), which sets forth the New York State rules for service upon individuals.

Section 308 of the CPLR ("Section 308") sets forth several acceptable methods for service of process upon an individual. Similar to the federal standards for proper service of process, Section 308(1) provides for service by personal delivery. Section 308(2) allows for service to be made either at the defendant's residence or at his "actual place of business." CPLR 308(2).

A third provision of Section 308, argued by Plaintiff to be relevant here, is Section 308(3). That section provides for service to be made by delivering the summons "to the agent for service of the person to be served." CPLR 308(3). Section 308(3) identifies clearly at least one type of "agent," that may be served—an agent "as designated under Rule 318." Rule 318, in turn, states that a person may be designated as an agent for service of process, "in a writing, executed and acknowledged in the same manner as a deed, with the consent of the agent endorsed thereon." CPLR 318. The writing setting forth the agent's authorization is to be filed in the office of the clerk of the county in which the principal either resides or has his principal office. *See* CPLR 318.

New York case law may be read as holding that an agent appointed pursuant to the formalities of Rule 318 is the only agent who is authorized to accept service of process under Rule 308(3). *See, e.g., DeGroat v. Kralik,* 224 A.D.2d 688, 638 N.Y.S.2d 716, 717 (2d Dep't 1996) (refusing to sustain service under Section 308(3) in absence of appointment pursuant to Rule 318); *Donaldson v. Melville,* 124 A.D.2d 361, 507 N.Y.S.2d 301, 302 (3d Dep't 1986) (same); *Espy v. Giorlando,* 85 A.D.2d 652, 445 N.Y.S.2d 230, 231 (2d Dep't 1981), *aff'd,* 56 N.Y.2d 640, 450 N.Y.S.2d 786, 436 N.E.2d 193 (1982) (service upon nurse in defendant doctor's office insufficient under

Section 308(3) because of failure to show a designation under Rule 318).

Designation of an agent pursuant to Rule 318 has not, however, been uniformly interpreted as the sole method for appointing an agent to accept service of process on behalf of a principal. For example, an agent may be appointed pursuant to a power of attorney designation or a contract. Designation of an "agent" for general purposes, however, such as in the entertainment industry, does not necessarily amount to designation of that agent to accept service of process. *Edward V. Green Enters., Inc. v. Manilow,* 103 Misc.2d 869, 427 N.Y.S.2d 199, 200 (1980). Instead, such a designation must be specific. *Id.See generally* CPLR 308 (McKinney's Practice Commentary 308:4).

■ Thus, while some New York courts have interpreted a Section 308(3) "agent" as an appointee other than one named pursuant to Rule 318, it is clear that the designation of an individual to receive service of process must be clear and with the knowledge of the defendant sought to be served. *See Broman v. Stern,* 172 A.D.2d 475, 567 N.Y.S.2d 829, 830 (2d Dep't 1991) (service on defense counsel insufficient to support personal jurisdiction over defendant in absence of proof that defendant actually designated attorney as agent for service of process); *In re Gottesman,* 127 A.D.2d 563, 511 N.Y.S.2d 643, 645 (2d Dep't 1987) (dismissing complaint against individual defendant for lack of personal jurisdiction where there was no evidence that defendant ever designated security guard who accepted service as defendant's agent for service of process); *see also Fagelson v. McGowan,* 301 A.D.2d 652, 755 N.Y.S.2d 394, 395 (2d Dep't 2003) (service on attorney not designated specifically to receive process insufficient to confer jurisdiction); *Church v. Church,* 294 A.D.2d

625, 740 N.Y.S.2d 895, 895 (3d Dep't 2002) (same).

Rule 4(e) of the Federal Rules of Civil Procedure, which similarly authorizes service upon an individual by serving an "agent authorized by appointment or by law to receive service of process," Fed. R.Civ.P. 4(e), is similarly construed, requiring a clear and specific appointment of the person served as one authorized to accept service of process. *See Dorrough v. Harbor Securities, L.L.C.*, 2002 WL 1467745 *4 n. 6 (E.D.N.Y.2002); *Royal Swan Navigation Co., Ltd. v. Global Container Lines, Ltd.*, 868 F.Supp. 599, 602 (S.D.N.Y.1994).

## II. *Disposition of the Motions*

### A. *Plaintiff's Factual Allegations In Support of Service*

At the outset, the court notes that there is no allegation that Dr. Sabir was ever personally served. Trial counsel for neither the Plaintiff nor Defendants have ever met this defendant. In support of the claim that Dr. Sabir was served, Plaintiff states that service of process on all defendants (including Dr. Sabir) was made upon Lou Savinetti, Esq., the individual who accepted service of process at the Nassau County Medical Center ("NCMC"). The process server's affidavit of service, sworn and executed on July 22, 1999, states that service upon Defendants NCMC, Drs. Lee, Taylor, Sabir and John Doe, M.D.'s 1–10, was made by serving Savinetti, at the "Legal Room" of the NCMC. The affidavit describes Savinetti as "a person of suitable age and discretion, authorized to accept service." Service is alleged to have been completed by mailing copies of the summons and complaint to the NCMC.

The factual allegations offered in support of Plaintiff's claim of proper service make clear that if service is to be sustained, it will be pursuant to either Section 308(2) or Section 308(3). The court turns to consider whether either section supports the exercise of personal jurisdiction over Dr. Sabir.

### B. *Section 308(2)*

■ Service here was made not at a personal residence, but at a place of business—the NCMC. Therefore, if service under Section 308(2) is to be sustained it must be pursuant to the provision allowing for service at defendant's "actual place of business." *See* CPLR § 308(2). This actual place of business is defendant's business address at the time of service, and not when the cause of action arose. *See Simmons v. Boro Medical, P.C.*, 270 A.D.2d 477, 705 N.Y.S.2d 620, 622 (2d Dep't 2000); *Maloney v. Braeside Apartments Co.*, 193 A.D.2d 1112, 598 N.Y.S.2d 640, 641 (4th Dep't 1993); *Gay v. Carlson*, 1992 WL 309819 *4 (S.D.N.Y.1992).

Defendant argues that service cannot be sustained pursuant to Section 308(2) because Dr. Sabir was no longer employed at the NCMC at the time of service. Factual support for this allegation has been submitted in the form of the affidavit of the NCMC Director of Human Resources. That affidavit states that Dr. Sabir terminated his employment with NCMC as of June 30, 1998, when he completed his residency program. While Plaintiff quarrels with the quality of this evidence, seeking unidentified "personnel records," the court finds the proffered evidence sufficient to establish that Dr. Sabir was not employed at the NCMC at any time after June 30, 1998. In view of the fact that service at the NCMC was not made until June of 1999, the court concludes that service was not effected at Dr. Sabir's "actual place of business," as required by Section 308(2). Therefore, service cannot be sustained pursuant to that section.

C. *Section 308(3)*

■ In support of the claim that service was properly effected pursuant to Section 308(3), Plaintiff claims that attorney Savinetti was an agent authorized to accept service of process for Dr. Sabir. The court disagrees.

There is no evidence that Dr. Sabir ever appointed Savinetti as his agent for service of process pursuant to Rule 318. There is additionally no evidence supporting the claim that Savinetti was otherwise appointed by Sabir as his agent for any purpose, including as an agent for service of process. At best, Savinetti was authorized to accept service of process for current NCMC employees. Since Dr. Sabir was no longer employed at the NCMC at the time of service, the court cannot conclude that Savinetti was acting as Dr. Sabir's agent when he accepted service of process. Where, as here, there is no evidence of any appointment and none that defendant knew of any representation of agency, service cannot be sustained under Section 308(3). As set forth in *Broman v. Stern,* 172 A.D.2d 475, 567 N.Y.S.2d 829 (2d Dep't 1991), "representations made by an individual who accepts service of process are not binding on the defendant in the absence of proof that the defendant himself knew of such representations." *Id.* at 831. *Accord Royal Swan,* 868 F.Supp. at 602 ("accepting process for another party does not mean the acceptor was appointed to do so").

D. *Neither Equity Nor Public Policy Require a Contrary Result*

■ Plaintiff raises several arguments in support of the claims that equity and/or public policy require a ruling that personal jurisdiction over Dr. Sabir has always existed and that a judgment of default should be entered against this defendant. Each of Plaintiff's arguments, however, seek to place the blame for dropping the jurisdictional ball on the shoulders of the County and not on Plaintiff. While it is true that the County raised, but never pursued, the issue to formal motion practice, it cannot be faulted for taking that course of action. The County did all that it was arguably required to do to preserve the jurisdictional defense on behalf of Dr. Sabir. Not only did the answer make clear that counsel was not appearing on behalf of this Defendant, it also stated clearly that Dr. Sabir was not properly served. No more need have been done to put Plaintiff on notice that personal jurisdiction over Dr. Sabir was at issue.

It matters not that Plaintiff's process server has submitted an affidavit stating that Savinetti indicated that he was authorized to accept service of process on behalf of all individuals served at the NCMC. Defendants' subsequent actions were sufficient to make Plaintiff aware that, despite any statement or action by Savinetti, jurisdiction was contested. Plaintiff cannot now complain that the burden should be placed on Defendants to have further litigated the issue of jurisdiction. To the contrary, the raising of the defense placed that burden squarely on the shoulders of the Plaintiff. Had Plaintiff deposed or subpoenaed Dr. Sabir, the issue would have certainly come up before the middle of trial. Having failed to pursue the issue toward clarity, counsel cannot now claim that he was somehow lulled into thinking that personal jurisdiction existed and that any objection thereto was somehow waived over the course of the proceedings.

Completely inapposite are those cases cited by Plaintiff in support of the notion that it is too late to litigate the jurisdictional issue. In both *Hamilton v. Atlas Turner, Inc.,* 197 F.3d 58 (2d Cir.1999) and *Complaint of Rationis Enters., Inc. of*

480

*Panama,* 210 F.Supp.2d 421 (S.D.N.Y. 2002), the courts held that even though defendants' answers raised a personal jurisdiction defense, extensive participation in the litigation established a forfeiture of the right to move to dismiss the complaint. *See Hamilton,* 197 F.3d at 62 (four year participation in proceedings results in forfeiture of right to litigate jurisdictional defense); *Rationis,* 210 F.Supp.2d at 429 (participation in litigation exceeding one year forfeits right to litigate issue of personal jurisdiction). Here, Dr. Sabir never appeared, was never deposed or in any way participated in these proceedings. Defense counsel's participation in this action on behalf of the other named defendants cannot be held to result in a forfeiture of the right of Dr. Sabir.

█ Equally unavailing is the notion that the County's duty to defend employees requires a finding that personal jurisdiction exists over Dr. Sabir. As Plaintiff rightfully points out, Section 50–d of the New York State General Municipal Law, imposes a duty to defend and indemnify resident physicians. N.Y. Gen. Mun. L. § 59(d)(1). It does not, however, dispense with the requirement that personal jurisdiction be secured over a private individual before entry of judgment against him.

Finally, if any equitable argument is to be made, it should be made on behalf of Dr. Sabir. It is this doctor whose reputation would be indelibly blemished by a judgment here. Not only would such a judgment be one of medical malpractice but it would also be a judgment that Dr. Sabir acted in reckless disregard to the medical needs of a patient. The court cannot and will not allow entry of such a judgment in the complete absence of notice and an opportunity to be heard.

## CONCLUSION

The motion for a judgment of default against Dr. Rafiq Sabir is denied. The motion to dismiss this case as against Dr. Rafiq Sabir for lack of personal jurisdiction is granted. The Clerk of the Court is directed to terminate these motions. The parties are directed to contact the court for the purpose of scheduling a status conference.

SO ORDERED.