■ In the Matter of JOSEPH DELGADO et al., Respondents, v JVC, INC., Appellant. [898 NYS2d 516]—In a proceeding pursuant to Lien Law § 38, JVC, Inc., appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated October 2, 2009, which denied that branch of its motion which was to vacate an order of the same court dated August 14, 2009, granting the petitioner's unopposed motion to cancel the lien pursuant to Lien Law § 59.

Ordered that the order is reversed, on the law, with costs, that branch of the motion of JVC, Inc., which was to vacate the order dated August 14, 2009, is granted, and the mechanic's lien is reinstated.

To prevail on its motion to vacate, the appellant was required to demonstrate both a reasonable excuse for its default and the existence of a meritorious defense (*see Fekete v Camp Skwere*, 16 AD3d 544, 545 [2005]; *Amato v Fast Repair, Inc.*, 15 AD3d 429, 430 [2005]; *Costanza v Gold*, 12 AD3d 551, 552 [2004]; *Czarnik v Urban*, 10 AD3d 627 [2004]). The affidavit of the appellant's President set forth a reasonable excuse for its failure to timely submit opposition papers to the petitioner's motion to cancel the lien pursuant to Lien Law § 59. In addition, the appellant demonstrated the existence of a meritorious defense to the petitioners' motion by showing that there are triable issues of fact as to whether the petitioners properly served the notice required by Lien Law § 59, which is a prerequisite for canceling the lien under that section (*see Matter of Fagelson v McGowan*, 301 AD2d 652 [2003]; *Broman v Stern*, 172 AD2d 475 [1991]). Skelos, J.P., Dillon, Angiolillo, Eng and Sgroi, JJ., concur.