Bushell v City of New York (2019 NY Slip Op 03946)





Bushell v City of New York


2019 NY Slip Op 03946


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-03391
 (Index No. 506173/14)

[*1]Jason N. Bushell, appellant, 
v
City of New York, et al., defendants, Brookdale University Hospital and Medical Center, respondent.


Robert M. Rambadadt, New York, NY, for appellant.
Martin Clearwater & Bell LLP, New York, NY (Gregory A. Cascino, Kenneth R. Larywon, and Charles S. Schechter of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Bailey-Schiffman, J.), dated January 2, 2018. The order, upon the report of a court attorney referee (Derefim Neckles, Ct. Atty. Ref.), made after a hearing to determine the validity of service of process, granted the motion of the defendant Brookdale University Hospital and Medical Center pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
In July 2014, the plaintiff commenced this action to recover damages for personal injuries allegedly sustained by him when he was struck by a vehicle owned by the defendant New York City Police Department and operated by the defendant Melissa Taylor, a traffic enforcement agent. In October 2015, the plaintiff filed an amended summons and complaint naming Brookdale University Hospital and Medical Center (hereinafter the hospital), among others, as a defendant, alleging, in effect, that the hospital was negligent in its treatment of the plaintiff following the subject accident. Thereafter, the hospital moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction. The Supreme Court referred the issue of whether the plaintiff effectuated proper service upon the hospital to a court attorney referee to hear and report. After a hearing to determine the validity of service of process, the court attorney referee reported that the plaintiff failed to meet his burden of establishing that the hospital was properly served with process. In an order dated January 2, 2018, the Supreme Court granted the hospital's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction.
"The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process" (Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 343; see Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784, 787).
Here, at the hearing to determine the validity of service of process, the plaintiff's process server testified that he served the hospital by delivering the amended summons and complaint to an individual who identified herself as "Nadia Rivera" in the hospital's Risk Management Department, which was located on the first floor. The process server did not ask the individual for identification, or inquire if she was an officer, director, or cashier of the hospital. The hospital presented evidence that no individual named "Nadia Rivera" had ever been employed by the hospital, or was authorized to accept service on its behalf. Additionally, the employee responsible for accepting service on behalf of the hospital, who was working in the Risk Management Department on the date of the purported service, testified that she did not accept service of the amended summons and complaint in this matter on that date, and that there was no indication in the hospital's business records that the amended summons and complaint in this matter had been received. The hospital's employee also testified that the hospital's Risk Management Department was located on the third floor, and not the first floor as testified to by the plaintiff's process server. Under the circumstances, the plaintiff failed to meet his burden of proving by a preponderance of the evidence that jurisdiction over the hospital was obtained by proper service of process (see Teitelbaum v North Shore-Long Is. Jewish Health Sys., Inc., 160 AD3d 1009, 1011; Simmons v Boro Med., 270 AD2d 477, 479).
Accordingly, we agree with the Supreme Court's determination to grant the hospital's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction.
AUSTIN, J.P., ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court