Abraham N. Geller, J.
This is a motion to dismiss a petition for failure to obtain jurisdiction of the person of respondent and on the additional ground of nullity of the petition by reason of improper verification.
Respondent’s attorneys issued execution to the Sheriff on a certain judgment in respondent’s favor. Thereupon, pursuant to CPLR 5239, petitioner commenced a special proceeding against respondent to determine his right as adverse claimant to the property levied upon by serving a notice of petition upon the Sheriff and upon the judgment creditor ‘ ‘ in the .same manner as a motion.”
CPLR 5239 provides an exception to the general rule of CPLR 403 (subd. [c]) that a notice of petition shall be served “ in the same manner as a summons in an action.” The judgment creditor’s attorney will generally be the one who has issued the execution, deemed to constitute for this purpose a *73 pending action, so that service upon him of the notice of petition by an adverse claimant in the same manner as any motion in an action, including service by mail (CPLR 2103, subd. [b]), will expedite the matter and yet provide due process notice. Thus, there is no requirement in an adverse claimant special proceeding that respondent be personally served, and this ground of objection is insufficient.
With respect to verification of the petition, both attorneys obviously are not familiar with the applicable CPLR provisions. Respondent is correct in his contention that, if verification were required, the circumstances here would not permit it to be made by petitioner’s attorney (CPLR 3020, subd. [d]). However, the petition need not be verified and the improper verification does not render it a nullity.
The general rule regarding a petition in a special proceeding is that it “ shall comply with the requirements for a complaint in an action” (CPLR 402). Verification of a complaint is a matter of choice on the part of plaintiff (see CPLR 3020), the only exception in CPLR being the complaint in a subsequent action brought by a judgment creditor against a co-obligor who was not summoned in the original action (CPLR 1502). There are other special statutory provisions requiring verification of complaints as well as the court rule governing the general preference in actions for personal injuries resulting in permanent or protracted disability or wrongful death actions. A petition likewise need not be verified, the only exception in CPLR being the petition for a writ of habeas corpus (CPLR 7002) and in a proceeding against a body or officer (CPLR 7804, subd. [d]). Article 4 of the CPLR which sets forth the general provisions applicable to all special proceedings, contains no reference to verification of the petition.
Respondent should have treated this defectively verified pleading as an unverified pleading; he could not treat it as a nullity, since this was not a case where he was entitled to a verified pleading (CPLR 3022). The motion is accordingly denied.