■ CHESTER BROMAN, et al., as Trustees of Local 282 International Brotherhood of Teamsters Welfare, Pension and Annuity Trust Funds, Appellants, v DELORES STERN, Defendant, and CHERYL WEINER et al., Respondents.—In an action pursuant to Business Corporation Law § 630 to recover fringe benefit contributions allegedly due and owing, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated October 11, 1989, which granted the motion of the defendants Cheryl Weiner and Sanford Weiner to vacate a default judgment of the same court entered August 18, 1989, insofar as it was against them, and to dismiss the complaint insofar as it is asserted against them based on lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

On July 26, 1988, the plaintiffs' attorney mailed a copy of the summons and complaint to the attorney for the defendants-respondents, and the latter attorney admitted that he "accepted service * * * on behalf of" his clients. However, the record is devoid of any evidence that the defendants-respondents had in fact authorized their attorney to accept process on their behalf. We agree with the Supreme Court that the mailing of the summons and complaint to the attorney for the defendants-respondents did not constitute valid service and that the action should, therefore, be dismissed on the ground of lack of personal jurisdiction *(see,* CPLR 3211 [a] [8]).

In general, service of process is valid only when it is accomplished in some method permitted by the CPLR *(see,*

*Macchia v Russo,* 67 NY2d 592, 595; *Markoff v South Nassau Community Hosp.,* 61 NY2d 283, 288; *Feinstein v Bergner,* 48 NY2d 234, 241; *McDonald v Ames Supply Co.,* 22 NY2d 111, 115-116; *Cooney v East Nassau Med. Group,* 136 AD2d 392, 393). Nothing in the CPLR authorizes service of process by mail upon the attorney for the party to be served *(cf.,* CPLR 312-a). CPLR 308 (3) permits service upon an individual to be made "by delivering the summons within the state to the agent for service of the person to be served designated under rule 318". However, there is no proof that the defendants-respondents ever designated their attorney as their agent for the receipt of process.

An attorney is not automatically considered the agent of his client for the purposes of the service of process *(see, Pergament Distribs. v Net Realty Holding Trust,* 120 AD2d 578; *Greenthal & Co. v 301 E. 21st St. Tenants' Assn.,* 91 AD2d 934; *Wichlenski v Wichlenski,* 67 AD2d 944, 947). In the absence of proof that the defendants-respondents designated their attorney as their agent for the purposes of accepting service of process, we must conclude that the attorney lacked authority to accept service on their behalf.

That the attorney for the defendants-respondents claimed that he was authorized to accept service on behalf of his clients is immaterial under the circumstances of this case. In general, representations made by an individual who accepts the service of process are not binding on the defendant in the absence of proof that the defendant himself knew of such representations *(see, e.g., Espy v Giorlando,* 85 AD2d 652, *affd* 56 NY2d 640 [nurse held herself out as agent of doctor]; *Davidson v Community Gen. Hosp.,* 158 AD2d 748, *affd* 76 NY2d 956; *Dorfman v Leidner,* 150 AD2d 935, *affd* 76 NY2d 956; *Selby v Jewish Mem. Hosp.,* 130 AD2d 651; *see also, Caudle v Adler,* 146 AD2d 598 [receiver of process falsely identified himself as defendant without defendant's knowledge]; *Phi Sigma Phi Sorority v Simons,* 137 AD2d 873, 874 [defendant's roommate misrepresented herself as defendant]; *Matter of Upstate Milk Coops. v State of New York Dept. of Agric. & Mkt.,* 101 AD2d 940 [statements made by attorney for New York State Department of Agriculture with respect to acceptance of service not binding on the commissioner]). In accordance with this general rule, it has been specifically held that an attorney who "agree[s] to accept service on behalf of individual [defendants]" *(Greenthal & Co. v 301 E. 21st St. Tenants' Assn., supra,* at 934) does not automatically become

an agent for the acceptance of process, in the absence of proof that his clients actually knew of that representation.

Even assuming that the defendants-respondents' attorney had been properly designated as their agent for the service of process, the fact remains that he himself was never properly served. Mailing a summons and complaint to a person to be served does not constitute valid service under CPLR 308 (3). "Service on the agent is * * * made in the same manner as it would be made on his principal, and the rules dealing with personal service by delivery apply" (1 Weinstein-Korn-Miller, NY Civ Prac ¶ 308.13 [b], at 3-232.27—3-232.28). Bracken, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.