■ JEFFERSON HEIGHTS QUARRY, INC., Respondent, v FORT PIKE ASSOCIATES et al., Defendants, and HARMER-HILL GENERAL CONTRACTORS, INC., Appellant. [616 NYS2d 839] —Order unanimously affirmed with costs. Memorandum: Supreme Court denied the motion by defendant Harmer-Hill General Contractors, Inc. (Harmer-Hill) to vacate a judgment for lack of jurisdiction pursuant to CPLR 5015 (a) (4). That judgment

was entered following a successful appeal by plaintiff to this Court *(see, Jefferson Hgts. Quarry v Fort Pike Assocs.,* 191 AD2d 972, *lv denied* 82 NY2d 658). The court erred in concluding that it lacked jurisdiction over the motion to vacate pursuant to CPLR 5015 (a). Indeed, in *Matter of McKenna v County of Nassau* (61 NY2d 739, 741-742), the Court of Appeals held that Special Term abused its discretion in reopening its judgment to correct an alleged error of law that could have been raised on prior appeals. The Court of Appeals did not suggest that Special Term lacked jurisdiction *(see also, Pjetri v New York City Health & Hosps. Corp.,* 169 AD2d 100, 103-104, *lv dismissed* 79 NY2d 915; *McMahon v City of New York,* 105 AD2d 101, 104; *Whitney v Lyric-Rochester Corp.,* 246 App Div 896).

Although the court should have decided the motion on the merits, we shall do so in the interest of judicial economy. We conclude that plaintiff acquired jurisdiction over Harmer-Hill pursuant to CPLR 312-a upon receipt of attorney Patricia Driscoll's acknowledgement of receipt of summons and complaint on behalf of Harmer-Hill. In its brief, Harmer-Hill abandoned its position that it had received by mail only the blank acknowledgement of service but not the summons and complaint. It stated that plaintiff mailed the summons, complaint and acknowledgement to it, and that it forwarded those documents to Driscoll. Harmer-Hill's reliance on *Broman v Stern* (172 AD2d 475) is misplaced because the summons and complaint in that case were mailed to the attorney for the party to be served *(cf.,* CPLR 312-a [a]). We reject the argument that plaintiff is entitled to sanctions. (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Vacate Judgment.) Present—Pine, J. P., Lawton, Fallon, Doerr and Davis, JJ.