■ NORSTAR BANK, NATIONAL ASSOCIATION, Respondent, v LAWRENCE DAVIS et al., Defendants. JOSEPH DAVIS, INC., Nonparty Appellant. [661 NYS2d 106] —Order unanimously reversed on the law with costs, application granted and restraining notices and executions vacated. Memorandum: This dispute concerns priority among conflicting interests in funds of $40,635.98 in the hands of an escrow agent pursuant to a Plan of Reorganization confirmed by Bankruptcy Court. Joseph Davis, Inc. (Davis, Inc.), as assignee of defendants, appeals from an order of Supreme Court that denied its motion to vacate restraining notices and executions served by plaintiff Norstar Bank, National Association (the Bank). The Bank claims priority to those funds as a judgment creditor of defendants Lawrence and Jeffrey Davis, the designated recipients of the escrowed funds pursuant to the Plan of Reorganization. Davis, Inc. claims priority to those funds as assignee of Lawrence and Jeffrey Davis' claims against the bankrupt corporation, EDB-Buffalo, Inc. (EDB), and/or as holder of perfected security interests in notes of EDB evidencing those claims.

Given the lack of procedural challenge by the Bank to Davis,

Inc.'s application, and particularly in light of the court's unquestioned personal jurisdiction over the Bank (*see, Matter of Durst Corp. v Leader*, 51 Misc 2d 72), we convert the motion to a proceeding to determine adverse claims pursuant to CPLR 5239 (*cf., Bank of N. Y. v Triangle Meat & Provisions Corp.*, 82 AD2d 815, 817), and conclude that the court erred in denying the application to vacate the restraining notices and executions. Davis, Inc. established its priority to the bankruptcy distributions. The interest of Davis, Inc., in the distributions is based on its status as assignee of Jeffrey and Lawrence Davis' rights to receive payments on EDB's notes. That assignment was made on October 20, 1989. Alternatively, the interest of Davis, Inc. is based on its status as holder of perfected security interests in EDB's notes, as a result of its taking possession of the notes (*see*, UCC 9-305) on or about the date set forth on each note, the latest of which was made on May 4, 1990. Here, either the assignment or the perfection of security interests gives priority to Davis, Inc. over the claims of the Bank as judgment creditor, claims that did not arise until 1996 (*see*, CPLR 5202 [b]; UCC 9-301 [1] [b]).

We reject, as unsupported by the record, the Bank's assertion that Davis, Inc.'s interest in the bankruptcy distributions is traceable to Jeffrey Davis' interest as stockholder in EDB. Thus, we conclude that this priority dispute is not affected either by the "Consent Modification Agreement" by which Jeffrey Davis conveyed his ownership interest in EDB, nor by Bankruptcy Court's confirmation of the Plan of Reorganization extinguishing Jeffrey Davis' stock rights. We further reject the Bank's contention that Davis, Inc. is collaterally estopped as a result of the bankruptcy determination from now asserting its claims of priority. The bankruptcy proceeding concerned the claims of creditors of EDB, whereas this priority suit concerns claims of creditors of creditors of EDB. Thus, there is no identity of issue. For similar reasons, there is no inconsistency between Davis, Inc.'s claim of priority to the bankruptcy distributions and the position taken by Davis, Inc. in the bankruptcy proceeding. Thus, there is no merit to the Bank's claim of judicial estoppel.

Consequently, we reverse the order, convert the motion to a proceeding for determination of adverse claims pursuant to CPLR 5239, grant the application and vacate the restraining notices and executions. (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Vacate Restraining Notices and Executions.) Present—Denman, P. J., Green, Doerr, Balio and Fallon, JJ.