■ FIRST BANK OF THE AMERICAS, Respondent, v DENNIS C. COLLINS, Doing Business as DENNIS C. COLLINS, P. C., Appellant. [686 NYS2d 417] —Order and judgment (one paper), Supreme Court, New York County (Charles Tejada, J.), entered December 15, 1997, which granted the petition and canceled respondent attorney's purported lien on motor vehicle titles in his possession and directed respondent to turn over said titles to petitioner, unanimously affirmed, with costs and disbursements.

The court properly found that petitioner, a secured creditor, had, on the default of Sovereign Leasing Ltd., the right to take

possession of the collateral (*Carl Zeiss, Inc. v Micro Med Instruments*, 186 AD2d 778), including the subject motor vehicle titles. This right was also provided for in the promissory notes executed by Sovereign. Moreover, as the result of the lessor Sovereign's assignment to petitioner of its interest in the leases as to each of the affected vehicles, Sovereign no longer had any rights in the vehicles. An assignee in good faith for value is entitled to priority over the assignor's creditor whose lien has not been perfected by attachment or otherwise before the assignment. (*Norstar Bank v Davis*, 238 AD2d 892.) In any event, respondent, Sovereign's attorney, has neither a valid charging nor retaining lien upon the disputed titles and, as such, has no right to sell them. He was, at most, a bailee of the titles. Thus, as the court properly found, based on the underlying facts, respondent cannot claim an attorney's lien. Concur—Ellerin, P. J., Sullivan, Lerner and Rubin, JJ.