[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO RE ARGUE THE COURT'S DECISION UPON DEFENDANT'S EARLIER MOTION TO REOPEN JUDGMENT
The defendant, H R Litho Sales, seeks to have this court reverse its decision denying defendant's motion to reopen a default judgment. The case originated in New York, where a default judgment was entered against the defendant. Plaintiff then brought this action in Connecticut in order to enforce that judgment.
Generally, a judgment creditor may file a foreign judgment with the Connecticut courts and the foreign judgment is treated in the same manner as a judgment of a court of this state. General Statutes § 52-605. There are exceptions, however. "[A] foreign judgment that is based upon a default in appearance is not given full faith and credit, and the party seeking to enforce the judgment must proceed pursuant to § 52-607 by commencing an independent action on the judgment." Medstar Leasing v.Hagerbrandt, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 142009 (April 10, 1995, Karazin, J.). Plaintiff in this case commenced such an action on July 21, 1999. A default judgment was entered against defendant, for failure to appear, on November 18, 1999. Defendant filed a motion to reopen the judgment and, on June 27, 2000, this court denied the motion.[1] Defendant filed a motion to reargue the motion to reopen judgment on July 10, 2000 and this court heard arguments from both parties on the matter.
"Any judgment rendered . . . upon a default . . . may be set aside . . . upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or part existed at the time of such judgment . . . and that the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same." Practice Book § 17-43. CT Page 6318
Plaintiff Moneypaper objects to the motion to reopen judgment on the ground that defendant has no defense to the default judgment entered against it in the New York court. Defendant would have a valid defense, and thus meet the first prong of the above test, if it could show that the New York court lacked personal jurisdiction. "A party can therefore defend against the enforcement of a foreign judgment on the ground that the court that rendered the judgment lacked personal jurisdiction, unless the jurisdictional issue was fully litigated before the rendering court or the defending party waived the right to litigate the issue." PackerPlastics, Inc. v. Laundon, 214 Conn. 52, 56, 570 A.2d 687 (1990). Therefore, at a hearing on April 9, 2001, this court requested that both parties submit briefs on the issue of whether the New York court had jurisdiction over the defendant at the time it rendered its default judgment. The court felt there was no reason to clear a new Connecticut path approaching the ultimate issue if no success were possible upon arrival.
But, in its latest brief, defendant rather circumvented the issue of whether the New York court had jurisdiction over it, asserting only that it may defend the New York judgment on the ground of lack of personal jurisdiction.
Plaintiff, in its latest brief, included a copy of the acknowledgment of receipt of summons and complaint signed by James Repetsky, officer of the defendant company.[2] The acknowledgment appears to comply with N.Y. CPLR § 312-a which permits personal service by mail.[3] Under New York law, therefore, it appears that the New York court has personal jurisdiction over a defendant if the defendant's officer signs and returns the acknowledgment. Jefferson Heights Quarry v. Fort PikeAssociates, 207 App.Div.2d 984, 616 N.Y.S.2d 839 (4th Dep't 1994).
Defendant has failed to show this court, although specifically requested to do so, the existence of a valid defense regarding the New York action. For this reason, this court declines to reverse its earlier decision denying the defendant's motion to reopen.
 _____________________ NADEAU, JUDGE