*590 OPINION OF THE COURT
Joseph J. Maltese, J.
The defendant Dr. Carlos Alcala’s motion to dismiss the complaint based upon plaintiffs failure to obtain personal jurisdiction over him is denied. An anesthesiologist is estopped from asserting improper service of process when his staff member, rather than accept the service at his actual place of business, directs the process server to the legal office of the hospital across the street where the doctor maintains another office in the Department of Anesthesia of the hospital.
Facts
The defendant, Dr. Alcala, an anesthesiologist, is an employee of Seaview Medical Group, EC., which is also known as Seaview Anesthesia Medical Group, an anesthesia group that maintains a private office at 500 Seaview Avenue, Staten Island, New York. Dr. Alcala has privileges to work at Staten Island University Hospital (SIUH), a codefendant in this medical malpractice action. While Dr. Alcala may not be directly employed by SIUH, Seaview, his medical group, is employed by SIUH. Both Dr. Alcala and Seaview maintain an office in the SIUH Department of Anesthesia on the second floor in the hospital at 475 Seaview Avenue, Staten Island, New York, which is directly across the street from their main office.
The plaintiffs process server states that when she attempted to serve Dr. Alcala at his office at 500 Seaview Avenue, she was directed to the legal office of SIUH across the street where, as per hospital policy, a legal clerk was authorized to receive legal process. The process server thereby served the legal clerk with the summons, complaint and a certificate of merit, as is required in a medical malpractice action. She thereafter mailed another copy of the pleadings to the SIUH office. The court notes that the pleadings were served on July 17, 2007, well before the two-year-and-six-month statute of limitations expired; nevertheless, defendants waited until the statute of limitations expired as to Dr. Alcala to make this motion, asserting lack of in personam jurisdiction pursuant to CFLR 3211 (a) (8) and 308.
Flaintiffs claim to have made proper service pursuant to CPLR 308 (2) which authorizes delivery of a copy to “a person of suitable age and discretion” at the defendant’s “actual place of business,” followed by “mailing ... [to the] actual place of business.” Plaintiffs contend that since the defendant had privileges and maintained another office in the Department of An *591 esthesia on the second floor of the hospital, that the Department of Anesthesia in SIUH constitutes another “actual place of business.” Moreover, the plaintiffs contend that their process server followed the instructions of Dr. Alcala’s staff member in serving the legal office of SIUH, wherein the doctor and his group maintain another actual place of business.
Discussion
The service provisions of the CPLR are intact to ensure that the due process requirements are satisfied when a party institutes a lawsuit. A plaintiff must strictly satisfy the applicable service statute because defendant is entitled to notice of the suit.[1] The fact that Dr. Alcala has an office within the hospital does not ordinarily mean that he is an employee of SIUH. Similarly, “the fact that a defendant does business in a given place does not necessarily make it his place of business.”[2] In 1991, in Glasser v Keller,[3] the Supreme Court, Queens County, held that the fact that a surgeon maintained privileges and performed operations at a hospital did not make the hospital his “actual place of business.” Therefore, in Glasser, the complaint against the defendant doctor was severed and dismissed, which decision was affirmed by the Appellate Division, Second Department.[4]
However, there are additional factors to consider here. The defendant doctor and his group maintain another office in the Department of Anesthesia of the hospital which may be considered another actual place of business. Indeed, most of the doctor’s work is conducted at SIUH as was the case in this matter.
The designated legal clerk who accepts the service of process for the hospital is not ordinarily an agent for service for every attending physician who has privileges to work in the hospital, or who also has offices physically within a hospital building. However, where the process server attempted to serve Dr. Alcala at his main office at 500 Seaview Avenue, but was directed by his staff member to go to the legal office at the hospital at *592 475 Seaview Avenue, that direction appeared to be reasonable to the process server that a legal clerk would accept service on behalf of the physician who works in the hospital’s Department of Anesthesia. Interestingly, the legal clerk did not refuse to accept the service for Dr. Alcala. Here, both Dr. Alcala’s staff member and the hospital legal clerk acted with apparent authority in doing their job. If the doctor’s staff member had just accepted the service, rather than send the process server across the street to the hospital’s legal office, this would not be an issue.
A physician’s staff members, who are responsible enough to act as gatekeepers of who gets to see the doctor are generally “persons of suitable age and discretion” at the physician’s “actual place of business.” Accordingly, they are capable of receiving process for the physician, especially when the doctor is not available. When that “person of suitable age and discretion” at the physician’s “actual place of business” directs or misdirects a process server into believing that the process should instead be made at the hospital’s legal office across the street, then in that event, the doctor is bound by his employees’ actions because he placed them in such a position where it was clearly foreseeable that legal process would be served upon him at one of his offices. Service of legal process upon a physician is not a game of “hide and go seek.” Here, the doctor’s staff created this alleged issue of improper service. The doctor is responsible for such misrepresentation and cannot hide behind his staff member’s errors in misdirecting the process server.
Moreover, the fact that Dr. Alcala and/or his group held themselves out as SIUH’s Department of Anesthesia with offices in the hospital also raises Mduba[5] issues of representation and control of the physician. While the doctor asserts that as an anesthesiologist he was employed by Seaview Medical Group, EC. and not the hospital, the contractual relationship between Seaview and SIUH is most relevant to the issue of service and ultimately to possible vicarious liability. It appears that Dr. Alcala and his group, at least for part of the time, are under the control of the hospital, through a contractual relationship to provide anesthesia services for patients of the hospital undergoing surgery and other procedures through the Anesthesia Department office at SIUH. In most cases, patients rarely select their own anesthesiologist; they typically are provided with the *593 services of the anesthesiologist on duty on the day of their procedure, who the patient reasonably believes is part of the hospital staff. The anesthesiologist is someone who the patient may have met briefly immediately before the procedure to advise him or her of possible risks prior to the patient signing a consent form authorizing the newly met anesthesiologist to provide anesthesia services.
In this case, the process server acted reasonably in serving the person she was directed to serve by Dr. Alcala’s office staff. The doctor cannot now claim, after the statute of limitations has run, that his staff was mistaken in directing that service of process be made upon the hospital’s designated agent for service in the hospital where the doctor maintains an office in the Department of Anesthesia.
Accordingly, it is hereby ordered that the motion to dismiss by Dr. Carlos Alcala for lack of personal service is denied.

. New York State Higher Educ. Servs. Corp. v Srebrenik, 148 Misc 2d 837, 838 (Civ Ct, NY County 1990), citing Raschel v Rish, 69 NY2d 694, 696 (1986) and Leab v Streit, 584 F Supp 748 (SD NY 1984).

. Glasser v Keller, 149 Misc 2d 875, 877 (Sup Ct, Queens County 1991) (emphasis added).

. Glasser v Keller, 149 Misc 2d 875 (1991).

. Glasser v Keller, 197 AD2d 561 (2d Dept 1993).

. Mduba v Benedictine Hosp., 52 AD2d 450 (3d Dept 1976).