■ Shafi Rivera, Appellant, v L. Banks et al., Respondents. [25 NYS3d 77]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about March 20, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to renew his motion for a default judgment against defendants or for leave to make substituted service on them, unanimously reversed, on the law, plaintiff's motion to renew granted, and, upon renewal, defendants are directed to serve an answer within 30 days of service of a copy of this order with notice of entry. Appeal from order, same court and Justice, entered January 6, 2014, which denied plaintiff's motion for a default judgment, unanimously dismissed, without costs, as superseded by the appeal from the order entered on or about March 20, 2014.

The motion court erred in denying plaintiff's motion to renew. Plaintiff reasonably believed that it was unnecessary to submit on his original motion the affidavits of the process server and his counsel's paralegal (*see Segall v Heyer*, 161 AD2d 471, 473 [1st Dept 1990]; CPLR 2221 [e] [3]). Plaintiff complied with the procedural requirements of CPLR 3215 (f) by submitting affidavits of service on the original motion, and given defendants' failure to oppose that motion, there was no reason for plaintiff to provide further proof of service.

The affidavits of service constitute prima facie evidence of proper service upon defendants at their actual place of business pursuant to CPLR 308 (2) (*see Grinshpun v Borokhovich*, 100 AD3d 551, 552 [1st Dept 2012], *lv denied* 21 NY3d 857 [2013]). Further, the affidavits of the paralegal and process server demonstrate that, pursuant to the directions provided by personnel at Rikers Island, plaintiff properly served defendant correction officers by leaving the summons and complaints with a person of suitable age and discretion, who identified himself as a "colleague," at Department of Correction headquarters (*compare Jiminez v City of New York*, 5 AD3d 182, 183 [1st Dept 2004] [substituted service at Department of Correction headquarters was improper, where the individually named correction officers worked at Rikers Island], *with Criscitiello v Alcala*, 20 Misc 3d 589, 593 [Sup Ct, Richmond County 2008] [process server acted reasonably in serving the person she was directed to serve by the defendant doctor's office staff]). In opposition, defendants offered no evidence that their actual place of business was elsewhere. Defendants' submission of a warden's affidavit concerning the general procedures for service of process at Rikers Island was insufficient to raise an issue of fact concerning the propriety of service on defendants.

The record, viewed as whole and in light of the judicial preference for resolving disputes on the merits, demonstrates that defendants were unaware of the complaint or plaintiff's original motion and therefore had a reasonable excuse for their failure to respond to the complaint and the original motion. The record also demonstrates a potentially meritorious defense to the complaint, namely, that none of the defendants assaulted plaintiff. Accordingly, plaintiff is not entitled to a default judgment (*see Fried v Jacob Holding, Inc.*, 110 AD3d 56, 59-61 [2d Dept 2013]; *see also Guzetti v City of New York*, 32 AD3d 234, 234 [1st Dept 2006]), and we direct defendants to serve an answer (*see Fried*, 110 AD3d at 66). Concur—Friedman, J.P., Renwick, Saxe and Moskowitz, JJ.