**Matter of Country-Wide Ins. Co. v American Tr. Ins. Co.**

2024 NY Slip Op 32959(U)

August 20, 2024

Supreme Court, New York County

Docket Number: Index No. 655443/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JOHN J. KELLEY**    PART     **56M**

*Justice*

-------------------------------------------------------------------------------X

In the Matter of

COUNTRY-WIDE INSURANCE COMPANY,

     Petitioner,

     - v -

AMERICAN TRANSIT INSURANCE COMPANY,

     Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655443/2023 |
| MOTION DATE | 07/12/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION, ORDER, AND JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6 were read on this motion to/for   VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Country-Wide Insurance Company (Country-Wide) petitions pursuant to CPLR 7511(b)(1)(iii) to vacate an arbitration award rendered on August 23, 2023 by an arbitrator acting under the auspices of Arbitration Forums, Inc. (AFI). The respondent, American Transit Insurance Company (ATIC), did not oppose the petition and, thus, Country-Wide essentially seeks to obtain a default judgment against ATIC. The petition nonetheless is denied, inasmuch as Country-Wide failed properly to serve the notice of petition and petition upon ATIC and, thus, the court lacks jurisdiction to enter a default judgment against ATIC. The denial is without prejudice to renewal upon proper papers establishing proof of proper service.

The underlying dispute arises from a two-car automobile accident that occurred on November 2, 2015. Country-Wide's allegations and submissions established that, between 2015 and 2021, it had paid the total sum of $53,110.40 in first-party, personal injury protection (PIP) no-fault automobile insurance benefits to, or on behalf of, Jennifer Booker and Kyron Rogers, who allegedly were injured in the vehicle that it had insured. Country-Wide alleged that, on March 11, 2022, it sought inter-insurer arbitration with ATIC, since the other vehicle

655443/2023 COUNTRY-WIDE INSURANCE COMPANY vs. AMERICAN TRANSIT INSURANCE  Page 1 of 6
COMPANY
Motion No. 001

1 of 6

[* 1]

involved in the subject accident, which ATIC had insured, was a "motor vehicle used principally for the transportation of persons or property for hire" (Insurance Law § 5105[a]). It thus alleged that it was entitled to seek a PIP "loss transfer" from ATIC to reimburse it for the benefits that it had paid out to, or on behalf of, Booker and Rogers (see *A.I. Transp. v New York State Ins. Fund*, 301 AD2d 380, 380 [1st Dept 2003]; *Arvatz v Empire Mut. Ins. Co.,* 171 AD2d 262, 268 [1st Dept 1991]; Insurance Law §§ 5102[a], [b]; 5103[a]). To obtain this loss transfer, Country-Wide was required to establish that the operator of the vehicle insured by ATIC was completely or partially at fault in the happening of the accident. Insurance Law § 5105(b) provides that, where an insurer seeks to recover first-party benefits/PIP loss transfer from the "insurer of any other covered person" on the ground that the other covered person was at fault in the happening of the accident, "[t]he sole remedy . . . shall be the submission of the controversy to mandatory arbitration pursuant to procedures promulgated or approved by the superintendent" of the New York State Department of Financial Services (DFS). Pursuant to those regulations, AFI has been designated as the exclusive forum for resolution of no-fault loss-transfer related arbitration matters (see 11 NYCRR 65-4.11[b][1]).

In the challenged arbitration award, the arbitrator found that the drivers of the two vehicles involved in the subject accident were each 50% at fault in the happening of the accident, and that Country-Wide was thus entitled to recover 50% of the amount that it timely, properly, and legitimately had paid out to or on behalf of Booker and Rogers. The arbitrator, however, did not allow Country-Wide a full recovery of 50% of the benefits it had actually paid out. Rather, the arbitrator found that Country-Wide's "[l]edger shows payments made over 30 days from received date which is out of regulation." In other words, he concluded that, inasmuch as Country-Wide did not timely and seasonably pay out the greater portion of those benefits within 30 days subsequent to its verification of the relevant claims, as required by statute and applicable regulations (see Insurance Law § 5106[a]; 11 NYCRR 65-3.5, 11 NYCRR 65-3.8[a][1]), *Presbyterian Hosp. v Maryland Cas. Co.,* 90 NY2d 274, 278 [1997]; *New York &*

**655443/2023   COUNTRY-WIDE INSURANCE COMPANY vs. AMERICAN TRANSIT INSURANCE COMPANY**
**Motion No. 001**

Page 2 of 6

2 of 6

*Presbyterian Hosp. v Allstate Ins. Co.,* 30 AD3d 492, 493 [2d Dept 2006]; *A & S Med., P.C. v Allstate Ins. Co.*, 15 AD3d 170, 170 [1st Dept 2005]), it was not entitled to recover them in a loss transfer arbitration proceeding.

According to Country-Wide, the arbitrator exceeded his authority by failing fully to consider and apply its updated payment ledgers, which included all of the payments of benefits that it had made between 2015 and 2021, thus "reducing" the amounts that it had asserted that it had paid, from $27,406.70 to $8,905.93 with respect to Booker, and from $25,703.70 to $1,529.58 with respect to Rogers. In this respect, Country-Wide explained that, in numerous parallel arbitration proceedings conducted by arbitrators acting under the auspices of the American Arbitration Association (AAA), and in several civil actions, health-care providers who had treated both Booker and Rogers had challenged Country-Wide's initial denials of claims for reimbursement of various medical expenses. The supporting documentation that County-Wide submitted to the court demonstrated that it had conciliated or settled most of those claims, and thus paid out additional tens of thousands of dollars to the injured claimants' health-care providers over and above the amounts approved by the arbitrator. The documentation also demonstrated, however, that Country-Wide necessarily paid those clams long beyond the 30-day period mandated by applicable law and regulations.

Country-Wide contended that the arbitrator had only been empowered to determine the apportionment of fault between the drivers involved in the subject accident. It argued that he exceeded his authority by independently determining the amounts that were properly made the subject of the loss transfer proceeding, and by rejecting Country-Wide's claims to recover a loss transfer for claims deemed not to have been paid in a timely fashion, particularly when the amounts that had been paid beyond the 30-day payment period already been the subject of prior arbitrations and actions, or had been the subject of settlement agreements. Country-Wide thus argued that the arbitrator should have awarded it a loss transfer in the sum of 50% of the *entirety* of the amounts that it *actually had paid out* to the injured claimants or their health-care

655443/2023  COUNTRY-WIDE INSURANCE COMPANY vs. AMERICAN TRANSIT INSURANCE COMPANY
Motion No. 001

Page 3 of 6

3 of 6

[* 3]

providers between 2015 and 2021, regardless of when the payments were tendered, and that the AFI arbitrator was not empowered to second-guess AAA's arbitrators or its own settlement agreements.

Country-Wide commenced this proceeding on November 1, 2023, when it filed its petition (*see* CPLR 304[a]). In an affidavit of service referable to service of process upon ATIC, a paralegal employed by Country-Wide's attorneys asserted that, on November 10, 2023, she served ATIC with the notice of petition, petition, and supporting exhibits by certified mail, return receipt requested, addressed to ATIC's offices at 1 Metrotech Center in Brooklyn. Country-Wide's attorneys also retained Teitel Service Bureau, which submitted an affidavit of service stating that one of its employees served the DFS Superintendent with a copy of those papers by regular mail on November 9, 2023, addressed to DFS headquarters in Albany.

CPLR 7502(a) provides that "[a] special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy which is not made by motion in a pending action." CPLR 402(b) specifies the time for the service of a notice of petition and petition upon a respondent. Crucially, CPLR 402(c) requires that, in a special proceeding, "[a] notice of petition shall be served in the same manner as a summons in an action." ATIC, which is both a domestic insurer and a domestic corporation, must thus be served with the notice of petition and petition either pursuant to CPLR 311(a), which requires upon a domestic corporation to be effectuated by personal delivery to an officer, director, managing or general agent, cashier, assistant cashier, or any other agent authorized by appointment or by law to receive service, or pursuant to Insurance Law §§ 1212(a) and (b), which respectively designate the DFS's Superintendent as a domestic insurer's agent for service of process, and authorize the DFS's Superintendent, any Deputy Superintendent, or any salaried employee whom the Superintendent designates for such purpose to receive process on behalf of a domestic insurer.

Neither CPLR 311(a) nor Insurance Law § 1212(b), however, authorizes service of an initiatory notice of petition and petition by mail, including certified mail, return receipt requested.

**655443/2023 COUNTRY-WIDE INSURANCE COMPANY vs. AMERICAN TRANSIT INSURANCE COMPANY**
**Motion No. 001**

Page 4 of 6

4 of 6

[* 4]

Even where, as here, a person has properly been designated as a respondent's agent for the service of process, the fact remains that neither the DFS's Superintendent, nor any Deputy Superintendent, nor any salaried employee whom the Superintendent designated, was properly served (*see Broman v Stern*, 172 AD2d 475, 477 [2d Dept 1991]). "Service by certified mail to the corporate defendant's address, alone, is not a proper means of service (*see e.g.* CPLR 311[a][1]; 312-a[a]; Business Corporation Law § 306)" (*Miller v 21st Century Fox Am., Inc*., 180 AD3d 608, 609 [1st Dept 2020]). Hence, the court did not obtain jurisdiction over ATIC by virtue of Country-Wide's service of the initiatory papers upon ATIC via certified mail, return receipt requested. Moreover, "'[s]ervice on the agent is . . . made in the same manner as it would be made on his principal, and the rules dealing with personal service by delivery apply'" (*Broman v Stern*, 172 AD2d at 477, quoting 1 Weinstein-Korn-Miller, NY Civ Prac para. 308.13[b], at 3-237.27 - 3-232.28). Hence, Country-Wide's mailing of the petition, notice of petition and supporting papers to the Superintendent of Financial Services does not constitute proper service upon ATIC (*see Hereford Ins. Co. v American Tr. Ins. Co.,* 2022 NY Misc LEXIS 21339, *2 [Sup Ct, Queens County, Feb. 25, 2022]), and the court thus failed to obtain jurisdiction over ATIC by virtue of that attempt at service.

Since the establishment of the right to the entry of a default judgment requires proof that the respondent was properly served with process (*see* CPLR 3215[f]; *Wells Fargo Bank, N.A. v Louis,* _____AD3d_____, 2024 NY Slip Op 02948, *2 n 1 [2d Dept, May 29, 2024]; *Cedar Grove Capital Partners v Ehrlich*, 227 AD3d 539, 539 [1st Dept 2024]; *Gray v Doyle*, 170 AD3d 969, 971 [2d Dept 2019]; *Rivera v Correction Officer L. Banks*, 135 AD3d 621, 622 [1st Dept 2016]; *Atlantic Cas. Ins. Co. v RJNJ Services, Inc*. 89 AD3d 649, 651 [2d Dept 2011]; *Triangle Props. # 2, LLC v Narang*, 73 AD3d 1030, 1032 [2d Dept 2010]), and Country-Wide failed to demonstrate that ATIC was properly served, the court must deny the petition on that ground.

655443/2023   COUNTY-WIDE INSURANCE COMPANY vs. AMERICAN TRANSIT INSURANCE COMPANY
Motion No. 001

Page 5 of 6

5 of 6

The denial, however, is without prejudice to renewal upon submission of proper papers demonstrating that ATIC was properly served with the notice of petition, petition, and supporting exhibits.

In light of the foregoing, it is,

ORDERED that the petition is denied; and it is,

ADJUDGED that the proceeding is dismissed, without prejudice to renewal of the petition upon proper papers.

This constitutes the Decision, Order, and Judgment of the court.

_____8/20/2024_____
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**655443/2023   COUNTRY-WIDE INSURANCE COMPANY vs. AMERICAN TRANSIT INSURANCE COMPANY**
**Motion No.  001**

Page 6 of 6

[* 6]