**4-6 Bleecker St., LLC v Arnold**

2026 NY Slip Op 30650(U)

February 20, 2026

Supreme Court, New York County

Docket Number: Index No. 650321/2025

Judge: Gerald Lebovits

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** **HON. GERALD LEBOVITS** | **PART** 07 |
| *Justice* | |

------------------------------------------------------------------------------X

4-6 BLEECKER STREET, LLC,

                         Petitioner,

      - v -

PETER ARNOLD, MICHAEL SCHILLER, SEAN ROCHA, and ELI LAZARUS,

                         Respondents.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650321/2025 |
| **MOTION DATE** | 01/29/2025, 03/18/2025, 03/18/2025 |
| **MOTION SEQ. NO.** | 001 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 13, 16, 17, 18, 70

were read on this motion for           MISC. SPECIAL PROCEEDINGS        .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 68, 69, 71

were read on this motion to           DISMISS              .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 37, 38, 39, 40, 41, 42, 43, 45, 62, 63, 64, 65, 66, 67, 72

were read on this motion to           DISMISSAL           .

*David S. Lee. Esq.*, Brooklyn, NY, for petitioner.
Cutler Minikes & Adelman LLP, NY (Peter Arnold and Michael Schiller of counsel), for respondents.

Gerald Lebovits, J.:

      This CPLR 5329 proceeding arises from underlying judgments on rent-overcharge claims. Petitioner, 4-6 Bleecker Street, LLC, was the master tenant of a building located at 4-6 Bleecker Street, New York, New York, pursuant to a lease dated April 16, 2013. Respondents, Peter Arnold, Michael Schiller, Sean Rocha, and Eli Lazarus, were rent-stabilized tenants residing in the building.

      In 2013, respondents brought a rent-overcharge action against petitioner and others in Supreme Court (Index No. 158541/2013). In that action, Supreme Court awarded respondents damages and fees due to rent overcharges.

[* 1]

In 2024, the building was sold pursuant to a Bankruptcy Court order at a $2.3 million profit, of which $484,684.76 was placed in escrow by debtor's counsel until resolution of the rent-overcharge action. (NYSCEF No. 21 at ¶ 3-10.)

On motion sequence 001, petitioner now moves under CPLR 5239 for an order offsetting the money judgments awarded to respondents by the amount of their unpaid rent. Petitioner also seeks to vacate respondents Arnold and Schiller's money judgments. (NYSCEF No. 13.)

On motion sequence 002, respondents Arnold and Schiller move under CPLR 3211 (a) (1), (5), (7), and (8) for an order dismissing the petition. (NYSCEF No. 20.)

On motion sequence 003, respondents Rocha and Lazarus move to dismiss the petition under CPLR 404 and 3211 (a) (8) for lack of personal jurisdiction; CPLR 3211 (a) (7) for failure to state a claim on which relief can be granted; and under CPLR 213 and CPLR 3211 (a) (5) as barred in part by the statute of limitations. (NYSCEF No. 45 at 1.)

Petitioner's motion is denied in its entirety. Respondents' motions are granted.

## DISCUSSION

This court first considers whether it has personal jurisdiction over respondents.

Petitioner brought this proceeding by order to show cause (OSC) on January 29, 2025. In an order dated February 10, 2025, Supreme Court directed petitioner to serve a copy of the signed OSC on respondents "via their attorneys, Vlock & Associates, P.C., 620 Third Avenue, 18th Floor, New York, NY 1007; and upon . . . The Law Office of Emily Bradford, 147 Prince Street, Brooklyn, NY 11201, by overnight mail, on or before February 15, 2025." (NYSCEF No. 18.) Petitioner complied with these directions. (*See* NYSCEF No. 44.)

Despite petitioner's compliance with Supreme Court's directions, respondents argue that the petition must be dismissed for lack of personal jurisdiction. Respondents contend that (1) the attorneys served represented respondents only in the prior rent-overcharge action, not in this proceeding; (2) neither respondents nor those attorneys consented to this form of service; (3) service on respondents' attorneys is not authorized by CPLR 5239.[1] (NYSCEF No. 21 at ¶¶ 28-31.)

In opposition, petitioner first notes that Arnold and Schiller's counsel in the rent-overcharge issued the execution. (NYSCEF No. 62 at 8.) Second, petitioner asserts that Rocha and Lazarus entered into a stipulation with Arnold and Schiller setting forth the priority of liens regarding the monies held in escrow. As such, petitioner contends, Rocha and Lazarus are "piggybacking the Marshall's Levy and Notice to Garnishee that were served by [respondents]

---

[1] Although it is undisputed that respondents "received actual notice of the [petition] pursuant to the terms of the [court] order, that alone will not subject [them] to jurisdiction when there has not been compliance with the statutory requirements of service of process." (*Hillary v Grace*, 213 AD2d 450, 452 [2d Dept 1995].)

[* 2]

Peter Arnold and Michael Schiller." Third, petitioner argues that because respondents filed an OSC for the release of escrowed monies in the prior rent-overcharge action, service on respondents' counsel is proper pursuant to CPLR 5239. (*Id.*)

This court agrees with respondents that petitioner's service on respondents was invalid and therefore that this court lacks personal jurisdiction over the respondents.

CPLR 5239 provides that service of process "shall be made by service of a notice of petition upon the respondent, the sheriff or receiver, and such other person as the court directs, in the same manner as a notice of motion." The CPLR does not automatically authorize service on the attorney for a party to be served. Absent proof that respondents designated their attorneys as agents authorized to accept process, the court must conclude that authority was lacking. (*See Broman v Stern*, 172 AD2d 475, 475–477 [2d Dept 1991].)

Petitioner does not show that the attorneys whom petitioner served were authorized by respondents to accept process in this proceeding on their behalf. Petitioner argues merely that service on these attorneys is proper because they appeared in the prior overcharge action and coordinated the execution notice to garnishee and Marshal's levy. Petitioner cites *Joseph Durst Corp. v Leader* (51 Misc 2d 72, 72–73 [Sup Ct, NY County 1966]) for the proposition that CPLR 5239 permits serving a notice of petition on the attorney who represented the judgment creditor in a prior action.[2]

But an appearance in a prior action does not constitute authorization to accept process in a future action or proceeding. It is undisputed that the attorneys whom petitioner served do not represent respondents in *this* proceeding. This is fatal to petitioner's argument. In *F & K Supply Inc. v Freeman* (243 AD2d 933, 934 [3d Dept 1997]), an "order to show cause provided for service on plaintiff by [service] to its purported attorney." The Third Department held that there was "no indication that plaintiff was properly served by mail, and although it appear[ed] that [the attorney] may have represented plaintiff in certain litigation matters," the record did not reflect that that attorney "represented plaintiff in the underlying action." (*Id.*)

Thus, even if an OSC directs service on a party's purported attorney, that service is invalid if it turns out that the attorney does not represent the party in the current action or proceeding. (*See e.g., Application of Country Wide Ins. Co.*, 114 AD2d 754, 754–755 [1st Dept 1985] [finding service on the attorneys who represented respondent in a prior arbitration proceeding insufficient to confer jurisdiction].)

This court therefore holds that notwithstanding the OSC's directions, petitioner was required to serve respondents in normal CPLR fashion. Accomplishing service pursuant to a court directive is ineffective if it does not comport with the CPLR. (*See Broman* 172 AD2d at

---

[2] It is unclear whether CPLR 5239 permits service on the attorneys for the judgment creditors. (*See Bank of New York v Triangle Meat & Provisions Corp.*, 82 AD2d 815, 817 [2d Dept 1981] ["Service under CPLR 5239 is to be made in the same manner as a motion. . . . Initially Special Term did not have personal jurisdiction over [respondent] because service had not been made on [respondent], but rather was made on [respondent's] counsel."] [internal citations omitted].)

475.) For instance, in *Stephens v New York State Exec. Bd. of Parole Appeals Unit* (297 AD2d 408 [3d Dept 2002]), a CPLR article 78 special proceeding, Supreme Court directed service only on the Attorney General. The Third Department found that this manner of service was improper because it did not comport with the statute requiring service on the other respondents as well. The court held that requirements for "service upon the adverse party cannot be circumvented—even by court order"—when "no showing has been made of circumstances or obstacles confronting petitioner justifying an alternative form of service." (*Id.* at 410 [citations omitted]; *see Scott v Citibank, N.A.* (2025 Slip Op 51777[U], *4 [Sup Ct, Kings County 2025] [holding "no statutory authority [existed] for serving a summons [in the manner] employed by the petitioner [and therefore] the petitioner did not acquire personal jurisdiction over the respondent"].)

Petitioner's manner of attempting service was ineffective to confer jurisdiction over the parties to this proceeding.[3] Because this court grants respondents' motion to dismiss for lack of personal jurisdiction, this court does not reach their remaining arguments.

Accordingly, it is

ORDERED that petitioner's motion is denied, and respondents' motions to dismiss the petition are granted; and the proceeding is dismissed against respondents, with costs and disbursements as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

ORDERED that petitioner serve a copy of this order with notice of its entry on respondent and on the office of the County Clerk (using the NYSCEF document type "Notice to the County Clerk - CPLR § 8019 (c)"), which shall enter judgment accordingly.

| 2/20/2026 | | | | HON. GERALD LEBOVITS |
|-----------|---|---|---|---|
| **DATE** | | | | **J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

---

[3] Nor was petitioner's attempted method of service here authorized by CPLR 308 (5). A showing by the moving party that service is impracticable under CPLR 308 (1), (2), or (4) is a necessary precondition for a court order directing substitute service. (*See Silverman v St. Vincent's Hosp. & Med. Ctr.*, 197 AD2d 459, 459 [1st Dept 1993].) As respondents correctly argue (NYSCEF No. 67 at 5-6), there was no showing of impracticability in this case.

[* 4]