Nationstar Mtge., LLC v Klamm

2026 NY Slip Op 02661

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Nationstar Mortgage, LLC, respondent,

v

Arthur Klamm, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2022-00387, (Index No. 611393/15)

Mark C. Dillon, J.P.

Barry E. Warhit

Carl J. Landicino

Phillip Hom, JJ.

John J. Caracciolo, East Northport, NY, for appellant.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Harold L. Kofman of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Derrick J. Robinson, J.), entered December 21, 2021. The order and judgment of foreclosure and sale granted the plaintiff's motion, among other things, to confirm a referee's report and for a judgment of foreclosure and sale, denied the defendant's cross-motion, inter alia, in effect, pursuant to CPLR 5015(a)(4) to vacate two orders of the same court, both dated April 12, 2021, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction, confirmed the referee's report, and directed the sale of the subject property.

ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion, among other things, to confirm the referee's report and for a judgment of foreclosure and sale is denied, those branches of the defendant's cross-motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the orders dated April 12, 2021, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction are granted, and the remaining branches of the defendant's cross-motion are denied as academic.

In October 2015, the plaintiff commenced this action to foreclose a mortgage on certain real property located in Islip. The defendant purportedly was served with the summons, complaint, and RPAPL 1303 notice by delivery to his former attorney at his former attorney's office. Thereafter, the defendant filed a verified answer, inter alia, asserting an affirmative defense of lack of personal jurisdiction, and the plaintiff rejected the defendant's answer.

In March 2016, the plaintiff moved for leave to enter a default judgment against the defendant and for an order of reference. The defendant opposed the motion, arguing, among other things, that his answer was timely. In an order dated June 25, 2018, the Supreme Court denied the plaintiff's motion, deemed the defendant's opposition to be a motion to compel acceptance of his answer, and thereupon directed the plaintiff to accept the defendant's answer. The court additionally granted the defendant 60 days to raise any objections to service of process.

On August 6, 2018, the plaintiff moved, among other things, for summary judgment on the complaint and for an order of reference. On August 22, 2018, the defendant opposed the [*2]motion and cross-moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction. In an order dated December 19, 2019 (hereinafter the December 2019 order), the Supreme Court, among other things, denied those branches of the plaintiff's motion with leave to renew within 120 days of the entry of the December 2019 order and denied the defendant's cross-motion. In March 2020, the plaintiff moved for summary judgment on the complaint and for an order of reference. The defendant opposed the motion. In an order dated April 12, 2021, the court granted the plaintiff's motion, and in a second order also dated April 12, 2021, the court, inter alia, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.

In August 2021, the plaintiff moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved, inter alia, in effect, pursuant to CPLR 5015(a)(4) to vacate the orders dated April 12, 2021, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction. In an order and judgment of foreclosure and sale entered December 21, 2021, the Supreme Court granted the plaintiff's motion, denied the defendant's cross-motion, confirmed the referee's report, and directed the sale of the property. The defendant appeals.

"A defendant may waive the issue of lack of personal jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss" (Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628; see CPLR 320[b]; Bayview Loan Servicing, LLC v Zelyakovsky, 202 AD3d 738, 741). "A defendant 'may appear informally by actively litigating the action before the court'" (Wells Fargo Bank, N.A. v Hosseinipour, 235 AD3d 699, 700 [internal quotation marks omitted], quoting Eastern Sav. Bank, FSB v Campbell, 167 AD3d 712, 714). Here, the defendant appeared in the action when he opposed the plaintiff's March 2016 motion for leave to enter a default judgment against him and for an order of reference. However, in the order dated June 25, 2018, the Supreme Court directed the plaintiff to accept the defendant's answer, which contained the affirmative defense of lack of personal jurisdiction, and granted the defendant 60 days to raise any objections to service of process (see Fried v Jacob Holding, Inc., 110 AD3d 56, 66). As the defendant cross-moved, among other things, pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction within that time period, the defendant did not waive the issue of lack of personal jurisdiction.

"Service of process must be made in strict compliance with statutory methods for effecting personal service upon a natural person pursuant to CPLR 308" (Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174 [internal quotation marks omitted]; see Bank of Am., N.A. v Genzler, 188 AD3d 634, 635). CPLR 308(3) permits service upon an individual to be made "by delivering the summons within the state to the agent for service of the person to be served designated under rule 318" (Broman v Stern, 172 AD2d 475, 476 [internal quotation marks omitted]). "An attorney is not automatically considered the agent of his client for the purposes of the service of process" (id.; see Redbridge Bedford, LLC v 159 N. 3rd St. Realty Holding Corp., 175 AD3d 1569, 1571). "[A]n attorney who agrees to accept service on behalf of individual defendants does not automatically become an agent for the acceptance of process, in the absence of proof that his clients actually knew of that representation" (Broman v Stern, 172 AD2d at 476-477 [citation, alterations, and internal quotation marks omitted]). Here, the plaintiff served the summons and complaint upon the defendant's former attorney, who lacked authority to accept service on behalf of the defendant. Thus, personal jurisdiction over the defendant was never obtained.

Accordingly, the Supreme Court should have denied the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale and granted those branches of the defendant's cross-motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the orders dated April 12, 2021, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction.

The defendant's remaining contentions need not be reached in light of our determination.

DILLON, J.P., WARHIT, LANDICINO and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court